Keating, J.
The People appeal by permission of an Associate Judge of this court from an order of the Herkimer County Court which reversed a judgment of the City Court of the City of Little Falls convicting the defendant of violating section 1180 of the Vehicle and Traffic Law.
The basis of the County Court’s decision was that the only evidence that the defendant operated his vehicle in excess of the 30-mile-per-hour speed limit was the testimony of two police officers who had independently observed the vehicle proceeding at speeds which they estimated to be between 50 and 55 miles per hour. The County Court ruled that this testimony, uncorroborated by any mechanical device for gauging speed, was insufficient, as a matter of law, to sustain the defendant’s conviction.
The question presented by this appeal — one of first impression— is whether the opinion evidence of police officers, properly qualified to testify as experts, is sufficient to sustain a conviction for speeding. Our past decisions in cases of this kind have only gone so far as sustaining convictions where, in addition to the police testimony, there has been some mechanical device by which the speed of the defendants’ vehicles was gauged. (People v. Dusing, 5 N Y 2d 126; People v. Magri, 3 N Y 2d 562; People v. Heyser, 2 N Y 2d 390.)*
An examination of the decisions relating to the admissibility of opinion evidence of this kind clearly indicates that in a proper case opinion evidence, uncorroborated by mechanical devices, will be sufficient to sustain a speeding conviction.
The rule is well settled in this State that opinion evidence with regard to the speed of moving vehicles is admissible provided that the witness who testifies first shows some experience in observing the rate of speed of moving objects or some *232 other satisfactory reason or basis for his opinion. In Senecal v. Drollette (304 N. Y. 446), for example, we held that a 12-year-old boy, who often rode in automobiles and watched their speedometers, could testify as to the speed of a vehicle which had injured his friend. (See, also, Salter v. Utica & Black Riv. R. R. Co., 59 N. Y. 631; Shulman v. Roseth Corp., 227 App. Div. 577; Fisher v. Union Ry. Co., 86 App. Div. 365; Penny v. Rochester Ry. Co., 7 App. Div. 595, affd. 154 N. Y. 770; Richardson, Evidence [9th ed., Prince], § 384.)
Having held that such evidence is clearly competent and admissible, we fail to perceive any reason why it should be held to be insufficient as a matter of law to sustain a conviction for speeding in every case. It is true, as the defendant argues, that a police officer cannot testify with precise accuracy as to speed of a vehicle. (See, also, People v. Dusing, 5 N Y 2d 126, supra [concurring opn. of Van Voorhis, J.].) This does not mean, however, that his estimate of speed, based upon considerable experience, must be ignored in all cases. A police officer’s estimáte that a defendant was traveling at 50 to 55 miles per hour in a 30-mile-an-hour zone should be sufficient to sustain a conviction for speeding. On the other hand, his testimony, absent mechanical corroboration, that a vehicle was proceeding at 35 or 40 miles per hour in the same zone might for obvious reason be insufficient, since it may be assumed that only a mechanical device could detect such a slight variance with accuracy sufficient to satisfy the burden necessary to sustain a conviction.
While it may be difficult in a particular case to determine whether the variance between the estimated speed and maximum permissible speed is sufficiently wide so that we may be certain beyond a reasonable doubt that the defendant exceeded the permissible limit, we believe that, in the instant case, the variance of 20 to 25 miles above the speed limit was clearly sufficient to justify a finding of guilt. We note, of course, that the trial court’s decision to credit such testimony should be based upon all the facts and circumstances of the case, including the nature and extent of the opportunity which the officer had to view the moving vehicle.
We reject the suggestion, implicit in the defendant’s argument, that the police officers’ testimony cannot be trusted. *233 Not only do we refuse to base our decision on such an assumption, but it is sufficient to note that the presence of a mechanical device, which must be read by the police officer, provides no protection against an officer bent upon abusing his position of public trust.
The order of the County Court should be reversed and the judgment of the City Court reinstated.
Chief Judge Fuld and Judges Burke, Scilefpi, Bergan, Breitel and Jasen concur.
Order reversed, etc.

In People v. DeLeyden (10 N Y 2d 293) we upheld, on other grounds, a speeding conviction predicated solely on the opinion evidence of a police officer.