[6 NYS3d 386]

The People of the State of New York, Respondent, v Iulia Palu, Appellant.

Supreme Court, Appellate Term, Second Department,
9th and 10th Judicial Districts, February 17, 2015

### APPEARANCES OF COUNSEL

*Harold Dee* for appellant.

### OPINION OF THE COURT

MEMORANDUM.

Ordered that the judgment of conviction is affirmed.

By simplified traffic information, defendant was charged with driving in excess of the maximum speed limit in violation of section 1180 (d) of the Vehicle and Traffic Law. At a nonjury trial, a New York State Trooper testified that he had visually estimated the speed of the vehicle defendant was driving at 90 miles per hour in a 65 mile per hour zone. The Trooper further testified that the reading of a calibrated laser device also registered defendant's speed at 90 miles an hour. At trial, defendant's attorney requested *Rosario* material, including the Trooper's notes regarding the incident. The Justice Court denied the request. Following the trial, defendant was found guilty of violating Vehicle and Traffic Law § 1180 (d).

Defendant appealed and, by order of this court dated February 27, 2009, the appeal was held in abeyance and the matter remitted to the Justice Court for a review of the Trooper's notes with respect to the instant charge to determine whether vacatur of the judgment of conviction and a new trial were warranted by virtue of the fact that there was a reasonable possibility that the nondisclosure materially contributed to the result of the trial (*People v Palu*, 22 Misc 3d 139[A], 2009 NY Slip Op 50354[U] [App Term, 2d Dept, 9th & 10 Jud Dists 2009]). The Justice Court reviewed the Trooper's notes, which stated, "child in child seat. Hit twice and told her first 90 [mph] the second time 88 [mph] at 783 feet." The court determined that the nondisclosure of the notes, which indicated that the Trooper had taken a second reading of the speed of defendant's vehicle with the laser device and measured defendant's speed at 88 miles an hour, had not materially contributed to the result of the trial.

We agree with the Justice Court that reversal is not warranted on this ground, as there was no reasonable possibility that the nondisclosure of the second laser reading of 88 miles an hour materially contributed to the result of the trial. The Trooper's visual estimate of the speed of defendant's vehicle at

90 miles an hour and the first laser reading of 90 miles an hour were not materially different from the second laser reading.

Contrary to defendant's contention on appeal, calibration records are not *Rosario* material, as the calibration records are not written or recorded statements made by the Trooper (*see* CPL 240.45 [1] [a]). In any event, even if the proof of the calibration of the laser device was inadequate, a reading from an untested device, coupled with a qualified officer's visual estimate, suffices to prove the offense (*see People v Dusing*, 5 NY2d 126, 128 [1959]; *People v Susana*, 29 Misc 3d 144[A], 2010 NY Slip Op 52218[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2010]; *People v Ramaker*, 9 Misc 3d 131[A], 2005 NY Slip Op 51592[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2005]). Moreover, the Trooper's testimony that defendant exceeded the maximum state speed limit by 25 miles per hour was, alone, sufficient to establish defendant's guilt (*see People v Olsen*, 22 NY2d 230, 232 [1968]).

Finally, contrary to defendant's further contention on appeal, it was unnecessary to establish the posting of 65 miles per hour speed limit signs as defendant was charged with driving at a rate of 90 miles an hour, which is in excess of the state's 65 mile per hour maximum speed limit (*see People v Shapiro*, 7 NY2d 370 [1960]; *People v Schnitzler*, 37 Misc 3d 143[A], 2012 NY Slip Op 52288[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2012]; *see People v Neal*, 24 Misc 3d 130[A], 2009 NY Slip Op 51347[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2009]).

Accordingly, the judgment of conviction is affirmed.

TOLBERT, J.P., IANNACCI and GARGUILO, JJ., concur.