OPINION OF THE COURT
Thomas Marcelle, J.
Defendant Briana Lampman was charged with a violation of Vehicle and Traffic Law § 1180 (d). A trial was held on January 25, 2017 in Cohoes City Court. The facts of the case are undisputed and are as follows.
New York State Trooper John Ruscitto was assigned to traffic patrol along the northbound lanes of Interstate 787. At the beginning of his shift, Trooper Ruscitto conducted an internal test of his Stalker Dual radar system. During cross-examination, the Trooper testified that his sergeant certifies the radar unit and he did not know when the radar unit was last certified. Approximately an hour after conducting the internal test, the radar unit recorded the speed of defendant’s vehicle traveling at 60 mph in a 45 mph zone. The Trooper activated his red emergency lights, effected a traffic stop and issued the defendant a uniform traffic ticket for speeding.
Defendant maintains that without knowing if the radar unit was properly certified, there is a reasonable doubt as to defendant’s guilt. This type of defense is regularly foisted upon the court. Contrary to defendant’s contention, calibration records are unnecessary to establish the accuracy of a radar device. Rather, a device’s accuracy may be established by proof that an officer conducted tests indicating that the device was functioning properly (see e.g. People v Linden, 52 Misc 3d 134[A], 2016 NY Slip Op 51019[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2016]; People v Giaccio, 42 Misc 3d 127[A], 2013 NY Slip Op 52147[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2013]; People v Les, 36 Misc 3d 138[A], 2012 NY Slip Op 51439[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2012]).
While the courts consistently arrive at this conclusion, the cases lack a certain confidence or definitive (always making alternative holdings) and seemingly never finely articulate the precise evidentiary foundation. The court holds that the evi-dentiary foundation to find that a particular speed measuring device accurately recorded the defendant’s speed, the following testimony is required: (1) the officer was trained in the use of the particular speed measuring device; (2) the training resulted in the officer being certified (by a police agency or other ap *630 propriate entity) to operate and to test the speed measuring device; (3) the officer tested the device at issue in the case in close temporal proximity to the traffic stop; (4) based upon the officer’s training and certification, the testing ensured the speed measuring device’s accuracy at the time of the traffic stop. Moreover, the court holds that once the prosecution has laid the proper foundation for the measuring device’s accuracy, evidence that the device measured a defendant operating his car in excess of the posted speed limit is prima facie proof of guilt.
In this case, the Trooper’s testimony comes up short of establishing the requisite evidentiary foundation. Distilled to its essence, the Trooper’s testimony amounts to nothing more than he pressed a button and received a positive indication from the radar unit that he says meant the unit was functioning properly. The court does not know whether the internal test performed by the Trooper means that the radar was accurate—it may well be so, but the court is no expert. Rather, the Trooper must be the expert. If the Trooper (after meeting the foundational requirements) had testified that a positive indicator after commencing the internal test produces a reliable radar reading, then the court could rely on his testimony— but he did not, so the court cannot.
Nevertheless, it is possible to convict on the basis of the reading of an untested radar device, if some other form of corroboration has been provided (People v Magri, 3 NY2d 562, 567 [1958]). A trained officer’s visual estimation of a vehicle’s speed is sufficient, either standing alone or in conjunction with other evidence, to sustain a speeding conviction (see e.g. People v Susana, 29 Misc 3d 144[A], 2010 NY Slip Op 52218[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2010]). The opinion evidence of police officers uncorroborated by mechanical devices is sufficient to sustain a speeding conviction (People v Olsen, 22 NY2d 230 [1968]). Here the Trooper never made a visual estimation of the speed.
In all likelihood, the defendant was speeding. However, likelihoods will not suffice for a speeding conviction (People v Hildebrandt, 308 NY 397, 400 [1955]). Without a foundation as to the device’s accuracy and without the Trooper providing a visual estimate of the speed, the court has a reasonable doubt as to defendant’s guilt. Therefore, the court finds the defendant not guilty.