The People of the State of New York, Respondent,
against
Frank Nelson, Appellant.




Arthur V. Graseck, Esq., for appellant.
Suffolk County Traffic Prosecutor's Office (Justin W. Smiloff, Esq.), for respondent.

Appeal from a judgment of the District Court of Suffolk County, Suffolk County Traffic and Parking Violations Agency (Paul H. Senzer, J.H.O.), rendered July 23, 2015. The judgment, after a nonjury trial, convicted defendant of speeding.




ORDERED that the judgment of conviction is affirmed.
On November 30, 2014, the People charged defendant in a simplified traffic information with speeding (Vehicle and Traffic Law § 1180 [b]), alleging that, on that date, at 2:37 p.m., defendant had operated his motor vehicle at a speed of 80 miles per hour in a 55 miles per hour speed zone. At a nonjury trial, the complaining police officer testified that he had been trained to estimate the speed of a moving vehicle to within five miles per hour of its actual speed and that he had observed defendant traveling 80 miles per hour on a road with a 55 miles per hour speed limit. The officer further testified that he had used a properly calibrated laser device to measure defendant's speed at 80 miles per hour. Following the trial, the District Court found defendant guilty of speeding (Vehicle and Traffic Law § 1180 [b]).
Upon a review of the record, we find that the verdict was not against the weight of the evidence (see CPL 470.15 [5]; People v Danielson, 9 NY3d 343 [2007]). There was testimony [*2]from a qualified police officer as to his visual estimate of the speed of defendant's vehicle, which exceeded the speed limit by 25 miles per hour (see People v Olsen, 22 NY2d 230, 232 [1968]; People v Les, 36 Misc 3d 138[A], 2012 NY Slip Op 51439[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2012]). In addition, there was evidence that the officer had employed a properly calibrated laser device, which had measured defendant's speed at 80 miles per hour (see People v Les, 36 Misc 3d 138[A], 2012 NY Slip Op 51439[U], *1).
Contrary to defendant's contention, the District Court neither deprived defendant of the right to present a defense nor did the court improvidently exercise its discretion in precluding or limiting testimony (see People v Schwartzman, 24 NY2d 241 [1969]).
Accordingly, the judgment of conviction is affirmed.
TOLBERT, J.P., GARGUILO and BRANDS, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: June 22, 2017