The People of the State of New York, Respondent,
against
Burim Krasniqi, Appellant.




Edward T. McCormack, for appellant.
Dutchess County District Attorney (Kirsten A. Rappleyea), for respondent.

Appeal from judgments of the Justice Court of the Town of East Fishkill, Dutchess County (Irene McAliney, J.), rendered May 19, 2015. The judgments convicted defendant, after a nonjury trial, of speeding, making an unsafe lane change, failing to signal, and failing to comply with the lawful order or direction of a police officer regulating traffic, respectively.




ORDERED that the judgments convicting defendant of speeding and failing to signal are affirmed; and it is further,
ORDERED that the judgments convicting defendant of making an unsafe lane change and failing to comply with the lawful order or direction of a police officer regulating traffic are reversed, on the law, the accusatory instruments charging defendant with those offenses are dismissed, and the fines and surcharges, if paid, are remitted.
On October 12, 2014, defendant was charged in four simplified traffic informations with speeding (Vehicle and Traffic Law § 1180 [d]), making an unsafe lane change (Vehicle and Traffic Law § 1128 [a]), failing to signal (Vehicle and Traffic Law § 1163 [a]), and failing to comply with the lawful order or direction of a police officer regulating traffic (Vehicle and Traffic Law § 1102), respectively.
At a nonjury trial held in the Justice Court of the Town of East Fishkill, a New York State trooper testified that he had been trained to estimate the speed of a moving vehicle to within five miles per hour of its actual speed. Between milepost marker 57.8 and Exit 17 on Route 84, in the Town of East Fishkill, Dutchess County, he had observed a vehicle, which he later learned was being driven by defendant, and visually estimated its speed to be 85 miles per hour. The maximum speed limit in that area is 65 miles per hour, and his radar device indicated that the vehicle's speed was 84 miles per hour. All of these events occurred in the Town of East Fishkill, which ended at the entrance of Exit 17, where a Putnam County sign is located. The trooper then [*2]turned on the emergency lights of his patrol car, followed behind defendant's vehicle, and continuously activated his patrol car's siren, but the vehicle did not pull over and stop. Next, the trooper observed defendant's vehicle move, without signaling, from the left lane on Route 84 over the safety zone and onto the Exit 17 exit ramp, where the vehicle exited the highway. The trooper followed the vehicle off Route 84 and into a gas station in the Town of Kent, Putnam County. At the gas station, the trooper issued defendant tickets for speeding, making an unsafe lane change, failing to signal, and failing to comply with the lawful order or direction of a police officer regulating traffic. Following the trial, the Justice Court convicted defendant of all four charges.
On appeal, defendant contends that the Justice Court of the Town of East Fishkill did not have geographic jurisdiction to preside over the failing to signal, making an unsafe lane change, and failing to comply with the lawful order or direction of a police officer regulating traffic charges, as these alleged violations took place in the Town of Kent in Putnam County, New York. Defendant further contends that the evidence was legally insufficient to prove his guilt of all of the charges beyond a reasonable doubt.
Contrary to defendant's contention, the trial evidence established that all of the traffic infractions took place in the Town of East Fishkill in Dutchess County, New York. We note that an "offense committed within five hundred yards of the boundary of a particular county, and in an adjoining county of this state, may be prosecuted in either such county" (CPL 20.40 [4] [c]). Moreover, it is of no import that the trooper issued the tickets to defendant in the Town of Kent, Putnam County, New York, which county adjoins Dutchess County (see CPL 140.10 [2] [b]; 1.20 [39]). Consequently, the Justice Court of the Town of East Fishkill had the geographic jurisdiction to entertain the prosecutions of all of the traffic infractions. 
Viewing the evidence in the light most favorable to the People (see People v Contes, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish defendant's guilt of speeding (Vehicle and Traffic Law § 1180 [d]), beyond a reasonable doubt. Although the trooper's testimony was insufficient to show the reliability of the radar device, the reading of an untested radar device, when taken in conjunction with a qualified officer's visual estimate, is legally sufficient to establish the speed of a moving vehicle (see People v Dusing, 5 NY2d 126, 128 [1959]). Moreover, the testimony by a trooper qualified to visually estimate the speed of moving vehicles is, standing alone, sufficient to support a speeding conviction where, as here, the variance between the officer's visual observation of the speed of the defendant's vehicle and the posted speed limit was 20 miles per hour, which variance is "sufficiently wide, so that [the factfinder] may be certain beyond a reasonable doubt that the defendant exceeded the permissible limit" (People v Olsen, 22 NY2d 230, 232 [1968]; see People v DiBello, 46 Misc 3d 143[A], 2015 NY Slip Op 50192[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2015]; People v Raghubir, 39 Misc 3d 138[A], 2012 NY Slip Op 52476[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2012]).
The evidence, viewed in the light most favorable to the People (see People v Contes, 60 NY2d at 621), was also legally sufficient to establish defendant's guilt, beyond a reasonable doubt, of failing to signal (Vehicle and Traffic Law § 1163 [a]), since the trooper testified that he had observed defendant's vehicle move from the left lane on Route 84 into the safety zone without signaling. 
However, the evidence, viewed in the light most favorable to the People (see People v Contes, 60 NY2d at 621), was legally insufficient to establish defendant's guilt, beyond a reasonable doubt, of making an unsafe lane change (Vehicle and Traffic Law § 1128 [a]), since the trooper's testimony did not indicate how the change of lane was unsafe. "[A]bsent any testimony regarding the circumstances and nature of the lane change[] at issue, it cannot be said that merely changing lanes, as alleged in this matter, is a violation of the statute" (People v Krantz, 6 Misc 3d 129[A], 2005 NY Slip Op 50058[U], *2 [App Term, 2d Dept, 9th & 10th Jud Dists 2005]). 
Likewise, the evidence, viewed in the light most favorable to the People (see People v Contes, 60 NY2d at 621), was legally insufficient to establish defendant's guilt, beyond a reasonable doubt, of failing to comply with the lawful order or direction of a police officer regulating traffic (Vehicle and Traffic Law § 1102). Although the trooper testified that defendant had failed to pull over and stop his vehicle after the officer had activated the lights and siren of his patrol car, the trooper otherwise provided no testimony regarding any order or direction he had given to defendant. We note, however, that, based on defendant's act of failing to pull over and stop his vehicle, he could have been charged with failing to yield the right of way (Vehicle and Traffic Law § 1144 [a]) and, if defendant had been traveling at, or in excess of, 25 miles per hour above the speed limit, with unlawful fleeing a police officer in a motor vehicle in the third degree (Penal Law § 270.25).
Accordingly, the judgments convicting defendant of speeding and failing to signal are affirmed, and the judgments convicting defendant of making an unsafe lane change and failing to comply with the lawful order or direction of a police officer regulating traffic are reversed and the accusatory instruments charging defendant with those two offenses are dismissed.
GARGUILO, J.P., and RUDERMAN, J., concur.
TOLBERT, J., taking no part.
Paul Kenny
Chief Clerk
Decision Date: February 15, 2018