The People of the State of New York, Respondent,
against
Andrew Chess, Appellant. 




Andrew Chess, appellant pro se.
Rockland County District Attorney, for respondent (no brief filed).

Appeal from a judgment of the Justice Court of the Town of Orangetown, Rockland County (Patrick J. Loftus, J.), rendered January 28, 2019. The judgment convicted defendant, after a nonjury trial, of speeding, and imposed sentence.




ORDERED that the judgment of conviction is affirmed.
In a simplified traffic information, defendant was charged with speeding in violation of Vehicle and Traffic Law § 1180 (d), in that, on March 18, 2018, at about 9:11 a.m. on the Palisades Interstate Parkway North, in the Town of Orangetown, Rockland County, defendant was operating his vehicle at 81 miles per hour (mph) in a 50-mph zone. Following a nonjury trial, defendant was found guilty of speeding. On appeal, defendant contends that the accusatory instrument was facially insufficient, that the Justice Court should have admitted his photographs into evidence at trial, and that the evidence was legally insufficient to establish his guilt of the charged offense.
There is no merit to defendant's contention that the simplified traffic information should have been dismissed because it was facially insufficient. A review of the record indicates that the simplified traffic information substantially conforms to the form prescribed by the Commissioner of Motor Vehicles (see CPL 100.25 [1]; 100.40 [2]; Regulations of Commissioner of Motor Vehicles [15 NYCRR] § 91; People v Appel, 44 Misc 3d 133[A], 2014 NY Slip Op 51152[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2014]; People v Tytutin, 39 Misc 3d 131[A], 2013 NY Slip Op 50470[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2013]), and provides the court with sufficient information to establish that it has jurisdiction to hear the case (see People v Fernandez, 20 NY3d 44 [2012]; People v Key, 45 NY2d 111, 116 [1978]; People v Appel, 44 Misc 3d 133[A], 2014 NY Slip Op 51152[U]; People v Tytutin, 39 Misc 3d 131[A], 2013 NY Slip Op 50470[U]). In addition, the Justice Court properly declined to admit defendant's [*2]photographs into evidence at trial, since defendant failed to lay a proper foundation for their admission (see People v Price, 29 NY3d 472, 477-478 [2017]; People v Patterson, 93 NY2d 80, 84 [1999]; People v Byrnes, 33 NY2d 343, 347 [1974]; Jerome Prince, Richardson on Evidence § 4-212 [Farrell 11th ed 1995]).
Defendant's contention regarding the legal sufficiency of the evidence is unpreserved for appellate review, since he failed to raise this objection at trial (see CPL 470.05 [2]; People v Hawkins, 11 NY3d 484, 491-492 [2008]; People v Hines, 97 NY2d 56, 61 [2001]; People v Gray, 86 NY2d 10 [1995]). In any event, viewing the evidence in the light most favorable to the People (see People v Contes, 60 NY2d 620, 621 [1983]), and indulging in all reasonable inferences in the People's favor (see People v Ford, 66 NY2d 428, 437 [1985]), we find that the evidence was legally sufficient to establish defendant's guilt, beyond a reasonable doubt, of speeding, in that he operated his vehicle in excess of the maximum New York State speed limit in violation of Vehicle and Traffic Law § 1180 (d). 
In People v Olsen (22 NY2d 230 [1968]), the Court of Appeals held that "opinion evidence with regard to the speed of moving vehicles is admissible provided that the witness who testifies first shows some experience in observing the rate of speed of moving objects or some other satisfactory reason or basis for his opinion" (id. at 231-232). It is well settled that the uncorroborated testimony of a trooper—who is trained to visually estimate the speed of moving vehicles—as to a vehicle's rate of speed is legally sufficient to support a conviction of speeding so long as "the variance between the estimated speed and maximum permissible speed is sufficiently wide so that [the factfinder] may be certain beyond a reasonable doubt that the defendant exceeded the permissible limit" (id. at 232; see also People v DiBello, 46 Misc 3d 143[A], 2015 NY Slip Op 50192[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2015]; People v Raghubir, 39 Misc 3d 138[A], 2012 NY Slip Op 52476[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2012]). The trooper's testimony here sufficiently established his qualifications to provide visual estimates of the speed of moving vehicles. Therefore his testimony that defendant was operating his vehicle at 80 mph was sufficient to support the conviction. We note that the trooper also testified that his radar device recorded defendant's speed at 81 mph, and it is well settled that a reading from an untested device, coupled with a qualified officer's visual estimate of speed, suffices to establish the speed of a vehicle (see People v Dusing, 5 NY2d 126, 128 [1959]; People v Palu, 47 Misc 3d 35, 37 [App Term, 2d Dept, 9th & 10th Jud Dists 2015]).
Accordingly, the judgment of conviction is affirmed. 
TOLBERT, J.P., RUDERMAN and EMERSON, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: January 30, 2020