People v Maltez (2021 NY Slip Op 50876(U))

[*1]

People v Maltez (Edmundo)

2021 NY Slip Op 50876(U) [73 Misc 3d 126(A)]

Decided on May 27, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on May 27, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : TERRY JANE RUDERMAN, P.J., JERRY GARGUILO, TIMOTHY S.
DRISCOLL, JJ

2019-1524 S CR

The People of the State of New York,
Respondent,
against
Edmundo J. Maltez, Appellant. 

Edmundo J. Maltez, appellant pro se.
Suffolk County Traffic Prosecutor's Office (Justin W. Smiloff of counsel), for respondent.

Appeal from a judgment of the District Court of Suffolk County, Suffolk County Traffic and
Parking Violations Agency (Allen S. Mathers, J.H.O.), rendered September 3, 2019. The
judgment, after a nonjury trial, convicted defendant of speeding, and imposed sentence.

ORDERED that the judgment of conviction is affirmed.
Defendant was charged in a simplified traffic information with speeding (Vehicle and Traffic
Law § 1180 [d]) for driving a vehicle at 67 miles per hour (mph) in a 45-mph zone. At a
nonjury trial, a police officer testified that he had been qualified to visually estimate the rate of
vehicular speed within five mph of the actual speed. He stated, among other things, that he
visually estimated that defendant had been traveling 70 mph in a 45-mph zone and that he then
used a radar device which measured defendant's speed at 67 mph. The radar unit's accuracy was
established by proof of the police officer's training and by the tests he conducted indicating that
the radar unit was functioning properly at the time of the incident (see People v Les, 36 Misc 3d
138[A], 2012 NY Slip Op 51439[U] [App Term, 2d Dept, 9th & 10th Jud Dists
2012]).
Defendant testified that there were no lights on the road. Defendant claimed to have several
videos that would establish that there was no lighting on the roadway where the incident
occurred. He neither offered these videos into evidence nor laid the foundation for their
admission.
Following the trial, the court found defendant guilty of traveling 67 mph in a 45-mph zone
and imposed a fine in the amount of $300. Defendant filed an affidavit of errors alleging that the
People had failed to establish his guilt beyond a reasonable doubt and the verdict was against the
weight of the evidence. Additionally, he alleged that he had been deprived of a fair trial because
his video evidence was not admitted into evidence. 
Here, the officer's testimony that, as a qualified operator, he had used a radar device that was
working properly to measure defendant's speed at 67 mph in a posted 45-mph zone, sufficed
independently to prove a violation of Vehicle and Traffic Law § 1180 (d) (see People v
Dusing, 5 NY2d 126, 128 [1959]; People v Goess, 34 Misc 3d 152[A], 2012 NY Slip Op 50303[U]
[App Term, 2d Dept, 9th & 10th Jud Dists 2012]; People v Susana, 29 Misc 3d 144[A], 2010 NY Slip Op 52218[U]
[App Term, 2d Dept, 9th & 10th Jud Dists 2010]).
Moreover, even if the proof of the testing of the radar's operation was inadequate, a reading
from an untested radar unit, coupled with a qualified officer's visual estimate, suffices to prove
the offense, particularly if the visual estimate sufficiently corroborated the radar measurement to
render "any perceived deficiency in the radar evidence . . . of no consequence" (People v
Knight, 72 NY2d 481, 488 [1988]; see also People v Goess, 34 Misc 3d 152[A], 2012 NY Slip Op
50303[U], *2; People v Susana, 29
Misc 3d 144[A], 2010 NY Slip Op 52218[U], *2; People v Ramaker, 9 Misc 3d 131[A], 2005 NY Slip Op 51592[U]
[App Term, 2d Dept, 9th & 10th Jud Dists 2005]). Thus, the officer's testimony that he had
received training to visually estimate, from either stationary or moving positions, the rate of
speed of a vehicle at plus or minus five mph and that he had determined defendant's rate of speed
to be 70 mph, which was close to the 67 mph rate that the radar unit had measured, was sufficient
to prove a violation of Vehicle and Traffic Law § 1180 (d) (see People v Knight, 72
NY2d at 488). In any event, the officer's testimony that he had visually estimated the speed of
defendant's vehicle, which exceeded the speed limit by more than 20 mph, was alone sufficient to
establish defendant's guilt beyond a reasonable doubt (see People v Olsen, 22 NY2d 230,
232 [1968]).
To the extent that defendant contends that the verdict of guilt was against the weight of the
evidence because the officer's testimony was not credible, in fulfilling our responsibility to
conduct an independent review of the weight of the evidence (see CPL 470.05 [2]; People v Danielson, 9 NY3d 342,
348-349 [2007]), while according great deference to the factfinder's opportunity to view the
witnesses, hear their testimony, observe their demeanor, and assess their credibility (see People v Lane, 7 NY3d 888,
890 [2006]; People v Bleakley, 69 NY2d 490, 495 [1987]), we find that the verdict
convicting defendant of speeding was not against the weight of the evidence (see People v Romero, 7 NY3d
633, 643-646 [2006]).
Defendant's remaining contention lacks merit.
Accordingly, the judgment of conviction is affirmed.
RUDERMAN, P.J., GARGUILO and DRISCOLL, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: May 27, 2021