People v Grimes (2021 NY Slip Op 03471)





People v Grimes


2021 NY Slip Op 03471


Decided on June 2, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 2, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

SYLVIA O. HINDS-RADIX, J.P.
FRANCESCA E. CONNOLLY
ANGELA G. IANNACCI
LINDA CHRISTOPHER, JJ.


2019-00047
 (Ind. No. 2527/17)

[*1]The People of the State of New York, respondent,
v
Dequan L. Grimes, appellant.


Steven A. Feldman, Manhasset, NY (Arza Feldman of counsel), for appellant.
Timothy D. Sini, District Attorney, Riverhead, NY (Caren C. Manzello, Marion Tang, and Glenn Green of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Suffolk County (Richard Ambro, J.), rendered August 8, 2018, convicting him of criminal possession of a weapon in the second degree, criminal possession of a weapon in the third degree (two counts), criminal possession of a firearm, and criminal possession of a controlled substance in the seventh degree (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress evidence. The appeal also brings up for review orders of protection issued in favor of two of the defendant's children at the time of sentencing.
ORDERED that upon the appeal from the judgment, the orders of protection issued in favor of two of the defendant's children are vacated, as a matter of discretion in the interest of justice; and it is further,
ORDERED that the judgment is affirmed.
The defendant's contention that the police lacked probable cause to stop the vehicle he was driving for speeding is unpreserved for appellate review (see CPL 470.05[2]; People v Torres, 167 AD3d 665, 666), and, in any event, without merit, since the defendant was indicted for speeding, and the testimony adduced at the suppression hearing indicated that the defendant was driving in excess of the speed limit at the time of the stop (see People v Olsen, 22 NY2d 230, 231-232; People v Baksh, 113 AD3d 626, 627-628). Therefore, suppression of the contraband found in the vehicle was properly denied.
The defendant's contention that the orders of protection in favor of two of the defendant's children, both under the age of three, who were in the back seat of the vehicle at the time of the stop, should be vacated on the ground that the court lacked the authority pursuant to CPL 530.13(4) to issue them, is unpreserved for appellate review, as he failed to raise the argument at sentencing (see CPL 470.05[2]; People v Nieves, 2 NY3d 310, 316-317). However, we may reach that issue in the exercise of our interest of justice jurisdiction (see People v Ortiz, 183 AD3d 918). These small children could not be characterized as either witnesses or victims of the crimes of which the defendant was found guilty (see People v Hanniford, 174 AD3d 921). Therefore, we vacate the [*2]orders of protection.
The record as a whole establishes that defense counsel competently represented the defendant and provided him with meaningful representation (see Strickland v Washington, 466 US 668; People v Baldi, 54 NY2d 137, 147). The defendant was not deprived of the effective assistance of counsel (see People v Caban, 5 NY3d 143, 152; People v Baldi, 54 NY2d at 147).
HINDS-RADIX, J.P., CONNOLLY, IANNACCI and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court