People v Navon (2021 NY Slip Op 51070(U))

[*1]

People v Navon (Steven)

2021 NY Slip Op 51070(U) [73 Misc 3d 136(A)]

Decided on November 10, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

As corrected in part through November 16, 2021; it
will not be published in the printed Official Reports.

Decided on November 10, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : ELIZABETH H. EMERSON, J.P., TIMOTHY S. DRISCOLL, HELEN
VOUTSINAS, JJ

2020-729 S CR

The People of the State of New York,
Respondent,
against
Steven Navon, Appellant. 

Scott Lockwood, for appellant.
Suffolk County Traffic Prosecutor's Office (Justin W. Smiloff of counsel), for respondent.

Appeal from a judgment of the District Court of Suffolk County, Suffolk County Traffic and
Parking Violations Agency (W. Alexander Melbardis, J.H.O.), rendered March 11, 2020. The
judgment convicted defendant, after a nonjury trial, of using a mobile telephone while operating
a motor vehicle, and imposed sentence.

ORDERED that the judgment of conviction is affirmed.
In a simplified traffic infraction, defendant was charged with using a mobile telephone while
operating a motor vehicle (Vehicle and Traffic Law § 1225-c [2] [a]). On March 11, 2020,
immediately prior to the commencement of a nonjury trial, defense counsel moved to, in effect,
dismiss the charge on the ground that the People failed to file a certificate of compliance
pursuant to CPL 245.50 (1) and that they could not announce their readiness for trial (see
CPL 30.30 [1] [e]). The court denied the motion. At the trial, the police witness testified that he
observed defendant's lips moving while holding a cell phone to his left ear at the time he was
operating a motor vehicle on the Southern State Parkway. Following the trial, defendant was
found guilty of using a mobile telephone while operating a motor vehicle.
On appeal, defendant contends, among other things, that the People were required to
announce their readiness for trial within 30 days after commencement of the action, citing CPL
30.30 (1) (d), (e), and they could not declare their readiness for trial in the absence of a certificate
of compliance filed pursuant to CPL 245.50.
Effective January 1, 2020, article 245 replaced article 240 of the Criminal Procedure Law.
Subsequently, effective May 3, 2020, section 245.10 (a) of the CPL was amended to add section
(1) (iii), which allows discovery in cases involving traffic infractions. Prior to these enactments,
this court had held, citing former section 240.20 (1) of the CPL then in effect, that a criminal
"defendant was not entitled to discovery because she was prosecuted on a simplified traffic
information charging her with a mere traffic infraction" (People v Scott, 10 Misc 3d 137[A], 2005 NY Slip Op 52138[U], *1
[App Term, 2d Dept, 9th & 10th Jud Dists 2005]). As the judgment herein convicting
defendant of a traffic infraction was rendered on March 11, 2020, prior to the effective date of
CPL 245.10 (a) (1) (iii), the People were not required to provide defendant with discovery
materials or file a certificate of compliance pursuant to CPL 245.50.
Moreover, we need not decide whether the 2020 amendments to CPL 30.30 would apply to
this case, since even if they did apply, the 30-day time period of CPL 30.30 (1) (d), would not be
applicable, as the only charge was a traffic infraction (see People v Altman, 73 Misc 3d 127[A], 2021 NY Slip Op
50886[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2021]; People v Lopez, ___
Misc 3d ___, 2021 NY Slip Op 51016[U] [App Term, 2d Dept, 9th & 10th Jud Dists
2021]).
Upon an independent review of the record, while according great deference to the factfinder's
opportunity to view the witnesses, hear their testimony, and observe their demeanor (see
People v Mateo, 2 NY3d 383, 390, 410 [2004]; People v Bleakley, 69 NY2d 490,
495 [1987]), we are satisfied that the verdict of guilt was not against the weight of the evidence
(see People v Romero, 7 NY3d
633 [2006]). 
Defendant's remaining contentions are unpreserved for appellate review.
Accordingly, the judgment of conviction is affirmed.
EMERSON, J.P., DRISCOLL and VOUTSINAS, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: November 10, 2021