People v Jateen (2022 NY Slip Op 50280(U))

[*1]

People v Jateen (Sami)

2022 NY Slip Op 50280(U) [74 Misc 3d 134(A)]

Decided on March 3, 2022

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on March 3, 2022
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : JERRY GARGUILO, P.J., TIMOTHY S. DRISCOLL, HELEN VOUTSINAS,
JJ

2020-1002 S CR

The People of the State of New York,
Respondent,
against
Sami A. Jateen, Appellant. 

Lavallee Law Office, PLLC (Keith A. Lavallee of counsel), for appellant.
Suffolk County Traffic Prosecutor's Office (Justin W. Smiloff of counsel), for respondent.

Appeal from a judgment of the District Court of Suffolk County, Suffolk County Traffic and
Parking Violations Agency (John Marks, J.H.O.), rendered November 4, 2020. The judgment
convicted defendant, after a nonjury trial, of speeding, and imposed sentence.

ORDERED that the judgment of conviction is affirmed. 
Defendant was charged with speeding (Vehicle and Traffic Law § 1180 [b]) and, in
three other accusatory instruments, with three other violations. Defendant was arraigned in
February 2020. At the beginning of a nonjury trial held in November 2020, defense counsel
orally moved to dismiss the charges, alleging that the People had failed to provide discovery
material at least 15 days prior to trial as required under CPL 245.20 (1). The District Court
denied defendant's motion and, following the trial, found defendant guilty of speeding and two
other charges. Defendant has filed a notice of appeal from only the judgment convicting him of
speeding.
We find no merit to defendant's contention that the District Court erred in denying his oral
motion to dismiss. Effective January 1, 2020, article 245 replaced article 240 of the Criminal
Procedure Law and provides for "automatic" disclosure by the People to the defendant of "all
items and information that relate to the subject matter of the case" that are in the People's
possession or control (CPL 245.20 [1]). Subsequently, effective May 3, 2020, CPL 245.10 (1) (a)
was amended to expressly extend the prosecution's discovery obligation under CPL 245.20 (1) to
cases involving traffic infractions and require that such obligation be performed as soon as [*2]practicable, but not later than 15 days before the trial (see
CPL 245.10 [1] [a] [iii]). CPL 245.80 (1) (a) provides, "[w]hen material or information is
discoverable under this article but is disclosed belatedly, the court shall impose an appropriate
remedy or sanction if the party entitled to disclosure shows that it was prejudiced. Regardless of
a showing of prejudice the party entitled to disclosure shall be given reasonable time to prepare
and respond to the new material." Prior to these amendments in 2020, this court had held, citing
former section 240.20 (1) of the CPL then in effect, that the defendant "was not entitled to
discovery because she was prosecuted on a simplified traffic information charging her with a
mere traffic infraction" (People v
Scott, 10 Misc 3d 137[A], 2005 NY Slip Op 52138[U], *1 [App Term, 2d Dept, 9th
& 10th Jud Dists 2005]; see People
v Navon, 73 Misc 3d 136[A], 2021 NY Slip Op 51070[U] [App Term, 2d Dept, 9th
& 10th Jud Dists 2021]). Even assuming, without deciding, that CPL article 245 is
applicable to this case, we conclude that defendant's oral motion was properly denied, as
defendant failed to establish that he was entitled to any remedy for the People's alleged failure to
comply with their discovery obligations. Defendant failed to make any showing that he was
prejudiced by the People's alleged failure to provide discovery material at least 15 days prior to
trial and never requested additional time to prepare or respond to the material provided on the
date of the trial.
Contrary to defendant's contention, we find that the evidence adduced at trial, viewed in the
light most favorable to the People (see People v Contes, 60 NY2d 620, 621 [1983]), was
legally sufficient to establish defendant's guilt of speeding beyond a reasonable doubt. The
ticketing officer testified that he was trained to visually estimate the speed of a moving vehicle to
within five miles per hour of its actual speed and that he observed defendant traveling at 100
miles per hour in a 55-mile-per-hour speed zone. Testimony by an officer qualified to estimate
vehicle speeds to such a degree of accuracy is, standing alone, sufficient to support a speeding
conviction where, as here, the variance between the officer's estimate of the speed of defendant's
vehicle and the maximum permissible speed is "sufficiently wide so that [the factfinder] may be
certain beyond a reasonable doubt that . . . defendant exceeded the permissible limit" (People
v Olsen, 22 NY2d 230, 232 [1968]; see People v Maltez, 73 Misc 3d 126[A], 2021 NY Slip Op
50876[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2021]; People v Tamberlane, 72 Misc 3d
128[A], 2021 NY Slip Op 50592[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2021];
People v Tsys, 29 Misc 3d
143[A], 2010 NY Slip Op 52213[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2010]).
Moreover, the officer's visual estimate was corroborated by the reading of a properly calibrated
radar device, which measured defendant's speed at 99 miles per hour (see People v
Dusing, 5 NY2d 126 [1959]; Maltez, 2021 NY Slip Op 50876[U]; People v Nelson, 56 Misc 3d
129[A], 2017 NY Slip Op 50851[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2017];
see also People v Knight, 72 NY2d 481, 488 [1988]).
Furthermore, upon the exercise of our factual review power (see CPL 470.15 [5]; People v Danielson, 9 NY3d 342,
348-349 [2007]), while according great deference to the factfinder's opportunity to view the
witness, hear his testimony, observe his demeanor, and assess his credibility (see People v Lane, 7 NY3d 888,
890 [2006]; People v Bleakley, 69 NY2d 490, 495 [1987]), we conclude that defendant's
conviction of speeding was not against the weight of the [*3]evidence (see People v Romero, 7 NY3d 633, 643-646 [2006]). 
Finally, as the duration of the suspension of defendant's license has expired, we do not reach
any issue with respect thereto (see
People v Nicholson, 31 AD3d 468, 469 [2006]; Tamberlane, 2021 NY Slip Op
50592[U]; People v Brucelis, 59
Misc 3d 132[A], 2018 NY Slip Op 50471[U] [App Term, 2d Dept, 9th & 10th Jud
Dists 2018]). While defendant also contends that the $500 fine imposed—which is less
than the maximum fine authorized for the offense (see Vehicle and Traffic Law §
1180 [h] [1] [iii])—was excessive, we find that the fine was neither harsh nor excessive
(see People v Suitte, 90 AD2d 80, 85 [1982]) and that no extraordinary circumstances
exist that warrant a modification of the sentence in the interest of justice (see People v McCants, 73 AD3d
1086 [2010]).
Accordingly, the judgment of conviction is affirmed.
GARGUILO, P.J., DRISCOLL and VOUTSINAS, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: March 3, 2022