People v Velez (2022 NY Slip Op 50918(U))

[*1]

People v Velez (Priscilla)

2022 NY Slip Op 50918(U) [76 Misc 3d 133(A)]

Decided on September 15, 2022

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on September 15, 2022
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : ELIZABETH H. EMERSON, J.P., JERRY GARGUILO, TIMOTHY S.
DRISCOLL, JJ

2021-374 S CR

The People of the State of New York,
Respondent,
against
Priscilla Velez, Appellant. 

 Scott Lockwood, for appellant.
Suffolk County Traffic Prosecutor's Office (Justin W. Smiloff of counsel), for respondent.

Appeal from three judgments of the District Court of Suffolk County, Suffolk County Traffic
and Parking Violations Agency (Lewis A. Silverman, J.H.O.), rendered June 9, 2021. The
judgments convicted defendant, after a nonjury trial, of speeding, operating an unregistered
motor vehicle, and operating an uninsured motor vehicle, respectively, and imposed sentences.
The appeal brings up for review so much of the orders of the District Court (Allen S. Mathers,
J.H.O.) dated December 6, 2020 and May 25, 2021 as denied the branches of defendant's motions
seeking relief from various alleged constitutional violations and statutory misinterpretations.

ORDERED that the judgment convicting defendant of operating an uninsured motor vehicle
is reversed, on the law, the fine therefor, if paid, is remitted, and the simplified traffic
information charging that offense is dismissed; and it is further,
ORDERED that the judgment convicting defendant of operating an unregistered motor
vehicle is affirmed; and it is further,
ORDERED that the judgment convicting defendant of speeding is modified, as a matter of
discretion in the interest of justice, by vacating the 30-day suspension of defendant's driver's
license.
On March 31, 2020, defendant was charged in separate simplified traffic informations with,
respectively, speeding (Vehicle and Traffic Law § 1180 [b]), operating an unregistered
[*2]motor vehicle (Vehicle and Traffic Law § 401 [1] [a]),
operating an uninsured motor vehicle (Vehicle and Traffic Law § 319 [1]), and operating a
motor vehicle with an expired inspection certificate (Vehicle and Traffic Law § 306 [b]), all
traffic infractions. Branches of a motion defendant filed with the District Court on August 10,
2020, insofar as relevant to the instant appeal, attacked the as-applied constitutionality of CPL
350.20, Vehicle and Traffic Law § 510 (3-a) and Vehicle and Traffic Law § 1690. In
another motion filed with the District Court on April 5, 2021, defendant attacked, among other
things, the facial and as-applied constitutionality of provisions of Article 14-B of the General
Municipal Law concerning the jurisdictional authority of traffic prosecutors. In written decisions
dated December 6, 2020 and May 25, 2021, respectively, the District Court (Allen S. Mathers,
J.H.O.) rejected these arguments.
At a nonjury trial, John Pilkington, of the Suffolk County Highway Patrol, testified that, on
March 31, 2020, he was parked on the median of the Long Island Expressway (LIE) observing
traffic for speeding, when his attention was drawn to a white Lincoln SUV with North Carolina
license plates traveling westbound. Officer Pilkington, who was trained in the Suffolk County
Police Academy on vehicular speed estimation, and who has been requalified since on two
separate dates, estimated that defendant's vehicle was traveling at a rate of 111 miles per hour
(mph) on the 55-mph LIE. A laser gun, which the officer is also trained to use, measured the
vehicle's speed at 109 mph. The officer effected a traffic stop. He identified defendant as the
driver of the SUV; there were no passengers in the vehicle with defendant. Defendant presented
her New York driver's license upon request, but was unable to provide the officer with proof that
the vehicle was insured. Upon a computer check, the officer determined that the vehicle's
registration was expired. 
Following the officer's testimony, the court granted the branch of defendant's motion seeking
to dismiss the charge of operating a motor vehicle with an expired inspection certificate, and
denied the branches of the motion seeking to dismiss the other charges. Defendant did not put
forth an affirmative case, and the court found defendant guilty of each of the remaining three
charges. The court sentenced defendant to pay a fine for each conviction. Additionally, in light of
the excessive rate at which defendant had been driving—and despite the fact that the court
already had temporarily suspended her driver's license (see Vehicle and Traffic Law
§ 510 [3] [a]) from June 2, 2020 until the trial date, June 9, 2001, exactly one year and one
week later—the court imposed a 30-day license suspension on defendant pursuant to the
speeding conviction.
In an order dated June 14, 2021, the Supreme Court (Michael A. Gajdos, Jr., J.) granted
defendant's motion to stay the sentence and license suspension.
Contrary to defendant's contention on appeal, the speeding conviction was based upon
legally sufficient trial evidence. The officer relied upon his specialized training in estimating
speeds and used a laser gun to determine that defendant's vehicular speed was approximately
twice the 55 mph speed limit. Defendant complains that the laser gun was not calibrated, but it
passed its four-point diagnostic test both at the beginning and end of the officer's tour of duty that
day. "In any event, even if the proof of the calibration of the laser device was inadequate, a
reading from an untested device, coupled with a qualified officer's visual estimate, suffices to
prove the offense" of speeding (People v
Palu, 47 Misc 3d 35, 37 [App Term, 2d Dept, 9th & 10th Jud Dists 2015]; see
People v Dusing, 5 NY2d 126, 128 [1959]). In fact, the officer's "testimony that defendant
exceeded the maximum state speed limit by [56] miles per hour was, [*3]alone, sufficient to establish defendant's guilt" (Palu, 47
Misc 3d at 37; see People v Olsen, 22 NY2d 230, 232 [1968]). We further find that the
verdict of guilt was not against the weight of the evidence.
Defendant's "failure to so produce [an insurance identification] card shall be presumptive
evidence that [defendant] was operating the vehicle without having in effect financial security
required by" statute (Vehicle and Traffic Law § 319 [3]). However, "the People failed to
offer any proof that the defendant . . . own[ed] the subject vehicle [or] had knowledge that the
owner lacked insurance. Thus, the People failed to sustain their burden of proof for this charge"
(People v Weinert, 178 Misc 2d 675, 678 [App Term, 2d Dept, 9th & 10th Jud Dists
1998] [citations omitted]; see People v
Clark, 64 Misc 3d 127[A], 2019 NY Slip Op 50980[U], *2 [App Term, 2d Dept, 9th
& 10th Jud Dists 2019]). Consequently, the District Court should have granted defendant's
preserved motion to dismiss this charge at the close of the People's case.
Defendant appeals the District Court's rejection of her constitutionality arguments
concerning each of multiple statutes of the Criminal Procedure Law, General Municipal Law,
and Vehicle and Traffic Law. However, defendant failed to provide notice to the New York State
Attorney General of her intent to make these constitutional challenges, as statutorily required
(see CPLR 1012 [b] [1]). Therefore, as defendant correctly concedes, this court is
precluded from reviewing these claims (see CPLR 1012 [b] [3] ["The court having
jurisdiction in an action or proceeding . . . shall not consider any challenge to the
constitutionality of such state statute . . . unless proof of service of the notice required by this
subdivision is filed with such court"] [emphasis added]; Executive Law § 71 [3]; Matter of Guidarelli v Brassard, 88
AD3d 1147, 1149 [2011]; People v
Mays, 54 AD3d 778, 778 [2008]; People v Whitehead, 46 AD3d 715, 716 [2007]). 
We decline defendant's invitation to reconsider our holdings in People v Cataldo (57 Misc 3d
153[A], 2017 NY Slip Op 51597[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2017])
that "Vehicle and Traffic Law § 510 (3) (a) authorizes the suspension of a driver's license by
the court upon a judgment convicting a driver of violating Vehicle and Traffic Law § 1180
(b)" (id. at *1) and that the Vehicle and Traffic Law "authorizes a judicial hearing officer
to 'entertain the case in the same manner as a court,' which includes the imposition of a sentence"
(id., quoting Vehicle and Traffic Law § 1690 [1]; citing Dolce v Nassau County Traffic and Parking
Violations Agency, 7 NY3d 492 [2006]). However, under the particular circumstances
presented, we vacate the 30-day driver's license suspension imposed, as a matter of discretion in
the interest of justice.
Accordingly, the judgment convicting defendant of operating an uninsured motor vehicle is
reversed and the accusatory instrument charging that offense is dismissed, the judgment
convicting defendant of operating an unregistered motor vehicle is affirmed, and the judgment
convicting defendant of speeding is modified by vacating the 30-day driver's license suspension
imposed.
EMERSON, J.P., GARGUILO and DRISCOLL, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: September 15, 2022