People v Jackson (2022 NY Slip Op 51362(U))

[*1]

People v Jackson (Nicholas)

2022 NY Slip Op 51362(U) [77 Misc 3d 138(A)]

Decided on December 22, 2022

Appellate Term, Second Department

Published by New York State Law Reporting
Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on December 22, 2022
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : JERRY GARGUILO, P.J., ELIZABETH H. EMERSON, TIMOTHY
S. DRISCOLL, JJ

2021-640 S CR

The People of the State of New
York, Respondent,
against
Nicholas Jackson, Appellant. 

Scott Lockwood, for appellant.
Suffolk County Traffic Prosecutor's Office (Justin W. Smiloff of counsel), for
respondent.

Appeal from a judgment of the District Court of Suffolk County, Suffolk County
Traffic and Parking Violations Agency (Kenneth Diamond, J.H.O.), rendered September
30, 2021. The judgment convicted defendant, after a nonjury trial, of speeding, and
imposed sentence.

ORDERED that the judgment of conviction is affirmed.
Defendant was charged in a simplified traffic information with speeding (Vehicle
and Traffic Law §1180 [b]) on April 22, 2021. 
At a nonjury trial, a police officer testified that he had been trained and certified to
use a laser device to measure the speed of a vehicle and to visually estimate the rate of
speed to within five miles per hour (mph). He estimated the rate of speed of defendant's
vehicle at 85 mph in a 55 mph zone. He then used a laser device, that he tested for
accuracy and found to be functioning properly, which measured defendant's speed at 83
mph. Following the trial, defendant was found guilty.
It is well settled that the testimony of a police officer qualified to visually estimate
the speed of moving vehicles, standing alone, is sufficient to support a speeding
conviction where the variance between the officer's visual estimate of the speed of the
defendant's vehicle and the posted speed limit is "sufficiently wide, so that [the
factfinder] may be certain beyond a reasonable doubt that the defendant exceeded the
permissible limit" (People v Olsen, 22 NY2d [*2]230, 232 [1968]; see also People v Krasniqi, 58
Misc 3d 158[A], 2018 NY Slip Op 50245[U] [App Term, 2d Dept, 9th & 10th Jud
Dists 2018]).
Moreover, even if it be assumed that the proof of the calibration of the laser device
here was inadequate, a reading from an uncalibrated laser device may sufficiently
corroborate an officer's visual estimate (see People v Gray, 58 Misc 3d 155[A], 2018 NY Slip Op
50184[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2018]), particularly if the
visual estimate and the laser measurement are so similar as to render "any perceived
deficiency in the [laser] evidence . . . of no consequence" (People v Knight, 72
NY2d 481, 488 [1988]; see also Krasniqi, 2018 NY Slip Op 50245[U];
Gray, 2018 NY Slip Op 50184[U]). Thus, the officer's testimony that he had
received training to visually estimate the rate of speed of a vehicle to within five mph and
that he had determined defendant's rate of speed to be 85 mph, which was close to the 83
mph rate that the laser unit had measured, was sufficient to prove a violation of Vehicle
and Traffic Law § 1180 (b) (see Knight, 72 NY2d at 488).
In fulfilling our responsibility to conduct an independent review of the weight of the
evidence (see CPL 470.05 [2]; People v Danielson, 9 NY3d 342, 348-349 [2007]), while
according great deference to the factfinder's opportunity to view the witnesses, hear their
testimony, observe their demeanor, and assess their credibility (see People v Lane, 7 NY3d
888, 890 [2006]; People v Bleakley, 69 NY2d 490, 495 [1987]), we find that
the verdict convicting defendant of speeding was not against the weight of the evidence
(see People v Romero, 7
NY3d 633, 643-646 [2006]).
We further find that to the extent discovery materials were disclosed belatedly,
defendant failed to show any prejudice from this alleged failure (see CPL 245.80
[1] [a]) and, thus, he was not entitled to any remedy (see People v Jateen, 74 Misc 3d 134[A], 2022 NY Slip Op
50280[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2022]).
Defendant's remaining contentions relating to the trial and oral application to transfer
the action to the District Court are either without merit or unpreserved for appellate
review (see People v
Altman, 73 Misc 3d 127[A], 2021 NY Slip Op 50886[U] [App Term, 2d Dept,
9th & 10th Jud Dists 2021]).
Accordingly, the judgment of conviction is affirmed.
GARGUILO, P.J., EMERSON and DRISCOLL, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: December 22, 2022