People v Weisman (2023 NY Slip Op 51248(U))

[*1]

People v Weisman (Hunter)

2023 NY Slip Op 51248(U)

Decided on October 26, 2023

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on October 26, 2023
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : TIMOTHY S. DRISCOLL, J.P., JAMES P. McCORMACK, GRETCHEN WALSH, JJ

2021-825 S CR
The People of the State of New York, Respondent, 
against
Hunter Weisman, Appellant. 

Scott Lockwood, for appellant.
Suffolk County Traffic Prosecutor's Office (Justin W. Smiloff of counsel), for respondent.

Appeal from judgments of the District Court of Suffolk County, Suffolk County Traffic and Parking Violations Agency (John F. Reilly, J.H.O.), rendered November 18, 2021. The judgments, after a nonjury trial, convicted defendant of speeding and operating an uninspected motor vehicle, respectively, and imposed sentences.

ORDERED that the judgments of conviction are affirmed.
Defendant was charged in separate simplified traffic informations with speeding (Vehicle and Traffic Law § 1180 [b]) and operating an uninspected motor vehicle (Vehicle and Traffic Law § 306 [b]), respectively. Defendant was arraigned in August 2021. After a nonjury trial in November 2021, defendant was convicted of both charges.
No reference was made in defendant's affidavit of errors to his present claims that he was never properly arraigned and that the People failed to produce Brady/Giglio materials (see Giglio v United States, 405 US 150, 154 [1972]; Brady v Maryland, 373 US 83 [1963]). Consequently, these claims are unpreserved for our review (see People v Wahl, 75 Misc 3d 40, 45 [App Term, 2d Dept, 9th & 10th Jud Dists 2022]; People v Massian, 60 Misc 3d 134[A], 2018 NY Slip Op 51049[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2018]; People v Angel, 39 Misc 3d 149[A], 2013 NY Slip Op 50946[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2013]). 
We find no merit to defendant's contention that the People violated the discovery [*2]requirements of article 245 of the Criminal Procedure Law by failing to disclose the contents of Internal Affairs Bureau (IAB) files for the law enforcement official that the People intended to call as a trial witness. Criminal Procedure Law article 245 provides for "automatic" disclosure by the People of certain items and, during the relevant time period, this obligation was expressly extended to cases involving traffic infractions (see People v Jateen, 74 Misc 3d 134[A], 2022 NY Slip Op 50280[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2022]). Criminal Procedure Law 245.20 (1) (k) (iv) provides that the People shall automatically disclose to the defendant "all items and information that relate to the subject matter of the case and are in the possession, custody or control of the prosecution or persons under the prosecution's direction or control, including. . . [a]ll evidence and information, including that which is known to police or other law enforcement agencies acting on the government's behalf in the case, that tends to . . . impeach the credibility of a testifying prosecution witness" (emphasis added). It is undisputed that the contents of the IAB files are not "relate[d] to the subject matter of the case" (CPL 245.20 [1]). Consequently, there were no IAB files here that were subject to automatic discovery (see People v Johnson, 218 AD3d 1347 [2023]; People v Lewis, 78 Misc 3d 877, 879 [Sup Ct, Kings County 2023]; cf. People v Hamizane, Misc 3d —, 2023 NY Slip Op 23233 [App Term, 2d Dept, 9th & 10th Jud Dists 2023]).
Accordingly, the judgments of conviction are affirmed.
DRISCOLL, J.P., McCORMACK and WALSH, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: October 26, 2023