OPINION OF THE COURT
Memorandum.
Order unanimously reversed on the law, accusatory instruments charging defendant with violating Vehicle and Traffic Law § 1192 (2) and (3) reinstated and matter remanded to the court below for further proceedings.
In the case at bar, defendant had been charged with, among other things, the violation of Vehicle and Traffic Law § 1192 (2) and (3). After conducting an inquiry pursuant to Vehicle and Traffic Law § 1193 (2) (e) (7) the court below subsequently suspended defendant’s driver’s license. Thereafter, the court below dismissed the Vehicle and Traffic Law § 1192 (2) and (3) violations against defendant, stating that defendant would face multiple punishments for the same offense had he also been prosecuted, in a separate proceeding, for the Vehicle and Traffic Law § 1192 (2) violation, and the Vehicle and Traffic Law § 1192 (3) violation had to be dismissed since it was collaterally estopped pursuant to CPL 40.40 (1).
This court finds that a preliminary license suspension, pursuant to Vehicle and Traffic Law § 1193 (2) (e) (7), during the course of the prosecution of a Vehicle and Traffic Law § 1192 (2) or (3) violation, does not violate double jeopardy; that even though Vehicle and Traffic Law § 1192 (2) and § 1193 (2) (e) (7) constitute the “same offense” for the purposes of double jeopardy, they do not constitute separate prosecutions for the purposes of double jeopardy; that the prosecution of a Vehicle and Traffic Law § 1192 (3) violation is not barred by the doctrine of collateral estoppel or CPL 40.40 (1); and that Vehicle and Traffic Law § 1193 (2) (e) (7) is a remedial sanction, both in purpose and effect.
Article I, § 6 of the New York State Constitution states that “[n]o person shall be subject to be twice put in jeopardy for the same offense” and CPL 40.20 (1) states that “a person may not be twice prosecuted for the same offense”. In addition, the *895 Double Jeopardy Clause of the Fifth Amendment to the United States Constitution, which is applicable to the States through the Fourteenth Amendment, provides three separate constitutional protections: (1) protection against a second prosecution for the same offense after acquittal, (2) protection against a second prosecution for the same offense after conviction, and (3) protection against multiple punishments for the same offense (North Carolina v Pearce, 395 US 711, 717; Benton v Maryland, 389 US 784; Helvering v Mitchell, 303 US 391, 399; Matter of Barnes v Tofany, 27 NY2d 74, 77-78).
In Blockburger v United States (284 US 299, 304), the United States Supreme Court defined the “same offense” as follows: “[t]he applicable rule is that, where the same act or transaction constitutes [the] violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of an additional fact which the other does not.” Likewise, the Court of Appeals has stated that, “[i]n essence, to be the ‘same offense’ within the meaning of the Federal Double Jeopardy Clause the crimes must have essentially the same statutory elements or one must be a lesser included offense of the other” (Matter of Corbin v Hillery, 74 NY2d 279, 289).
In People v Conrad (169 Misc 2d 1066), this court held that a preliminary license suspension, pursuant to Vehicle and Traffic Law § 1193 (2) (e) (7), during the course of the prosecution of a Vehicle and Traffic Law § 1192 (2) violation, does not violate double jeopardy; that even though Vehicle and Traffic Law § 1192 (2) and § 1193 (2) (e) (7) constitute the “same offense” for the purposes of double jeopardy, they do not constitute separate prosecutions for the purposes of double jeopardy; and that Vehicle and Traffic Law § 1193 (2) (e) (7) is a remedial sanction, both in purpose and effect. In view of the foregoing, the court below erroneously held that the suspension of defendant’s driver’s license pursuant to Vehicle and Traffic Law § 1193 (2) (e) (7) barred the prosecution of the Vehicle and Traffic Law § 1192 (2) and (3) violations pending against defendant (see also, Matter of Smith v Essex, 224 AD2d 89; People v Roach, 226 AD2d 299).
Moreover, Vehicle and Traffic Law § 1192 (3) and Vehicle and Traffic Law § 1193 (2) (e) (7) do not have the same statutory elements, and one is not the lesser included offense of the other, since there is no requirement in Vehicle and Traffic Law § 1192 (3) that a defendant has driven a motor vehicle while having a blood alcohol level of more than .10% by weight. These *896 Vehicle and Traffic Law sections, therefore, do not constitute the same offense (Blockburger v United States, supra). In addition, it is clear that the court below misinterpreted the intent of CPL 40.40 (1) when it held that a prosecution of the Vehicle and Traffic Law § 1192 (3) violation is precluded by CPL 40.40 (1), since CPL 40.40 (1) solely deals with the prosecution of offenses in an indictment.
Accordingly, a driver’s license suspension pursuant to Vehicle and Traffic Law § 1193 (2) (e) (7) is a judicially ordered remedial civil sanction imposed pending, and as part of, the prosecution of a violation of Vehicle and Traffic Law § 1192 (2) or (3) which does not violate the Double Jeopardy Clause. Therefore, the accusatory instruments charging defendant with the violation of Vehicle and Traffic Law § 1192 (2) and (3) are reinstated.
Defendant also contends on appeal that the People did not properly perfect this appeal. We note that defendant’s previous motion to dismiss for failure to prosecute was denied by this court’s order dated April 28, 1997. Moreover, contrary to defendant’s contention, there was no need for the People to file an affidavit of errors since the appeal is from an order decided upon papers.
DiPaola, P. J., Collins and Ingrassia, JJ., concur.