*172 OPINION OF THE COURT
Memorandum.
Judgment of conviction unanimously affirmed. Defendant’s car was stopped after State Troopers saw it make unsafe lane changes. After approaching the car, the troopers observed that defendant appeared to be intoxicated, and he was asked to perform several field sobriety tests (alphabet recitation, finger-to-nose, one-legged stand and walk-and-turn). He later took a breath test, and the blood alcohol content result was .15%. Defendant was subsequently charged, by simplified traffic informations, with driving while intoxicated per se (Vehicle and Traffic Law § 1192 [2]), driving while intoxicated (Vehicle and Traffic Law § 1192 [3]), and making an unsafe lane change (Vehicle and Traffic Law § 1128 [a]). He was provided with a supporting deposition, and his driver’s license was suspended, pursuant to Vehicle and Traffic Law § 1193 (2) (e) (7), at his arraignment. Four days later, he was granted a conditional license after a hardship hearing. During the subsequent jury trial, defendant’s request for a Frye hearing on the field sobriety tests was denied by the court. Defendant was subsequently convicted of driving while intoxicated per se, and acquitted of the other two charges.
Defendant contends that the Equal Protection Clause of the United States Constitution was violated because traffic infractions can be charged by either simplified traffic informations or misdemeanor informations, each of which have different requirements for facial sufficiency (see CPL 100.15, 100.25, 100.40) and, therefore, create “two separate and unequal classes of persons charged with the misdemeanor crime of driving while intoxicated.” Statutes, however, are presumed to be constitutional and defendant has the burden of demonstrating, beyond a reasonable doubt, that the statutes are unconstitutional (see People v Scalza, 76 NY2d 604, 607 [1990]). As noted by the Court of Appeals in People v Nuccio (78 NY2d 102, 104 [1991]), the “simplified [traffic] information is a statutory creation designed to provide an uncomplicated form for handling the large volume of traffic infractions and petty offenses for which it is principally used,” and courts have sanctioned this procedure for traffic misdemeanors (see e.g. People v Nuccio, 78 NY2d 102 [1991], supra; People v Hohmeyer, 70 NY2d 41 [1987]; People v Key, 45 NY2d 111 [1978]). The same rationale applies herein. Consequently, these statutes have a rational basis and survive constitutional scrutiny. Accordingly, we find that defendant has not met his burden of demonstrating, be *173 yond a reasonable doubt, that they are unconstitutional (see People v Walker, 81 NY2d 661, 668 [1993]; People v Scalza, 76 NY2d 604 [1990], supra).
Moreover, since defendant failed to move in the court below for suppression of evidence or dismissal of charges on the ground that no probable cause existed for his stop, said issue is unpreserved for appellate review (see e.g. CPL 470.05 [2]; People v Gray, 86 NY2d 10, 19 [1995]; People v Miguel, 53 NY2d 920, 922 [1981]). Nevertheless, we note that pretext stops are permitted, as a matter of law, as long as the law enforcement agent has probable cause to believe that a traffic infraction has occurred (see Whren v United States, 517 US 806 [1996]; People v Wright, 98 NY2d 657 [2002]; People v Robinson, 97 NY2d 341 [2001] ). Also, this court has previously held that field sobriety tests are not scientific in nature (see People v DiNonno, 171 Misc 2d 335 [1997]), and it is clear that the tests employed herein are well known, widely used, and generally accepted in the field in which they belong (cf. Frye v United States, 293 F 1013 [1923]). Consequently, the trial court properly denied defendant’s request for a Frye hearing.
Inasmuch as defendant’s claim of repugnancy was not made before the jury was discharged, it is unpreserved for appellate review (see People v Tucker, 55 NY2d 1 [1981]). Nonetheless, this claim lacks merit since an acquittal on a common-law intoxication charge does not negate a conviction on a per se intoxication charge (see People v Hansen, 294 AD2d 598, 599 [2002] ; People v Miller, 199 AD2d 692 [1993]). The fact that defendant was acquitted of making an unsafe lane change has no bearing on the verdict since his acquittal on this charge is not conclusive as to a necessary element of the per se intoxication charge (see People v Tucker, 55 NY2d at 9).
Furthermore, there is no merit to defendant’s contention that, based on the Double Jeopardy Clause, he is entitled to be credited with the four days his license was suspended pretrial. It is well settled that a pretrial driver’s license suspension pursuant to Vehicle and Traffic Law § 1193 (2) (e) (7), and a post-conviction license suspension pursuant to Vehicle and Traffic Law § 1193 (2) (b) (2), do not violate the Double Jeopardy Clause since pretrial license suspensions are judicially ordered civil sanctions (see People v Haishun, 238 AD2d 521 [1997]; People v Roach, 226 AD2d 55 [1996]; People v Conrad, 169 Misc 2d 1066 [1996]). In addition, the sentence imposed herein is clearly within statutory parameters, and the record reveals no circumstances warranting a modification of the sentence in *174 the interest of justice. Defendant’s remaining contentions are unpreserved for appellate review or lack merit.
Winick, J.P., Lifson and Rudolph, JJ., concur.