People v Austin (2020 NY Slip Op 50743(U))

[*1]

People v Austin (Robert)

2020 NY Slip Op 50743(U) [67 Misc 3d 143(A)]

Decided on June 18, 2020

Appellate Term, Second Department

Published by New York State Law Reporting
Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on June 18, 2020
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : THOMAS A. ADAMS, P.J., BRUCE E. TOLBERT, TERRY JANE
RUDERMAN, JJ

2018-1835 S CR

The People of the State of New
York, Respondent, 
against
Robert S. Austin, Appellant. 

Scott Lockwood, for appellant.
Suffolk County Traffic Prosecutor's Office (Justin W. Smiloff of counsel), for
respondent.

Appeal from a judgment of conviction of the District Court of Suffolk County,
Suffolk County Traffic and Parking Violations Agency (Alan M. Wolinsky, J.H.O.),
rendered July 16, 2018. The judgment convicted defendant, after a nonjury trial, of
violating Vehicle and Traffic Law § 1170 (b).

ORDERED that the judgment of conviction is affirmed.
After a nonjury trial, defendant was convicted of violating Vehicle and Traffic Law
§ 1170 (b), which states that, "No person shall drive any vehicle through, around, or
under any crossing gate or barrier at a railroad crossing while such gate or barrier is
closed or is being opened or closed." A Metropolitan Transit Authority police officer
testified at the trial that he had observed defendant traverse a Long Island Rail Road
grade crossing after the red warning lights had begun to flash and the gate had started to
close.
Preliminarily, we reject defendant's argument that "any Traffic Prosecutor" should be
disqualified from appearing before this court (see General Municipal Law §
374; People v Ruiz, 64 Misc
3d 127[A], 2019 NY Slip Op 50984[U], *2 [App Term, 2d Dept, 9th & 10th
Jud Dists 2019]; People v Hernandez, 2018 NY Slip Op 63460[U] [App Term,
2d Dept, 9th & 10th Jud Dists 2018]).
Defendant's argument in support of his challenge to the legal sufficiency of the
evidence—that the People failed to prove that defendant had traversed the
crossing while the gate was "being opened or closed"—is unpreserved for
appellate review since, at trial, he failed to raise the specific argument he now makes on
appeal (see CPL 470.05 [2]; People v Hawkins, 11 [*2]NY3d 484, 491-492 [2008]; People v Hines, 97
NY2d 56, 61 [2001]; People v Gray, 86 NY2d 10 [1995]). In any event,
defendant's contention is without merit.
Defendant also argues that the verdict was against the weight of the evidence
because, among other things, there was a discrepancy in the proof regarding the time at
which the incident took place. In fulfilling our responsibility to conduct an independent
review of the weight of the evidence (see CPL 470.05 [2]; People v Danielson, 9 NY3d
342, 348-349 [2007]), and assuming that an acquittal would not have been
unreasonable (see People v
Romero, 7 NY3d 633, 643 [2006]), we "must weigh the relative probative
forces of conflicting testimony and the relative strength of conflicting inferences that
may be drawn from the testimony" (People v Asvazadourain, 59 Misc 3d 137[A], 2018 NY
Slip Op 50567[U], *2 [App Term, 2d Dept, 9th & 10th Jud Dists 2018]). In so
doing, we nevertheless accord great deference to the opportunity of the factfinder to view
the witnesses, hear their testimony, observe their demeanor and assess their credibility
(see People v Mateo, 2 NY3d 383, 410 [2004]; People v Bleakley, 69
NY2d 490, 495 [1987]). A conviction will be affirmed if it appears that the trier of fact
gave the evidence the weight it should be accorded (see CPL 470.15 [5];
People v Danielson, 9 NY3d at 348; People v Schmucker, 57 Misc 3d 156[A], 2017 NY Slip Op
51629[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2017]).
Upon a review of the record, we find that the guilty verdict was not against the
weight of the evidence. After defendant demonstrated that the time of the incident
reflected on the simplified traffic information with which he had been
contemporaneously served conflicted with the time of the incident reflected on the court
copy, the People presented testimony that the TraCS system used by police officers in
New York State to issue tickets from computers in their patrol cars had been switching
"a.m." for "p.m." and vice versa when the tickets were electronically transmitted to the
courts and involved agencies. The court determined that the incident had taken place at
6:39 a.m., as reflected by the original simplified traffic information, and accepted the
ticketing officer's testimony regarding defendant's movements prior to being ticketed as
credible, even though the officer had initially testified that the incident had occurred in
the evening. Under the circumstances, we find that the judicial hearing officer gave the
evidence the weight it should be accorded. Defendant's additional arguments with respect
to the discrepancy are without merit.
Accordingly, the judgment of conviction is affirmed. 
ADAMS, P.J., TOLBERT and RUDERMAN, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: June 18, 2020