People v Morales (2020 NY Slip Op 51550(U))

[*1]

People v Morales (Jose)

2020 NY Slip Op 51550(U) [70 Misc 3d 131(A)]

Decided on December 24, 2020

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on December 24, 2020
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : THOMAS A. ADAMS, P.J., TERRY JANE RUDERMAN, ELIZABETH H.
EMERSON, JJ

2018-352 S CR

The People of the State of New York,
Respondent,
against
Jose Morales, Appellant. 

Scott Lockwood, for appellant.
Suffolk County Traffic Prosecutor's Office, for respondent (no brief filed).

Appeal from eight judgments of the District Court of Suffolk County, Suffolk County Traffic
and Parking Violations Agency (John Andrew Kay, J.H.O.), rendered January 22, 2018. The
judgments, after a nonjury trial, convicted defendant of unlicensed operation of a motor vehicle,
and with operating a motor vehicle with an inoperative parking brake, an inoperative left rear
lamp, an inoperative left turn signal, and a substandard tire (four charges), respectively, and
imposed sentences.

ORDERED that the four judgments convicting defendant of unlicensed operation of a motor
vehicle, and operating a motor vehicle with an inoperative parking brake, an inoperative left rear
lamp, and an inoperative left turn signal, respectively, are affirmed; and it is further,
ORDERED that the four judgments convicting defendant of operating a motor vehicle with a
substandard tire are reversed, on the facts, the accusatory instruments charging that offense are
dismissed, and the fines, surcharges, and administrative fees thereon, if paid, are remitted.
Defendant was charged in eight separate simplified traffic informations with unlicensed
operation of a motor vehicle (Vehicle and Traffic Law § 509 [1]), and operating a motor
vehicle with an inoperative parking brake (Vehicle and Traffic Law § 375 [1]), an
inoperative left rear lamp (Vehicle and Traffic Law § 375 [2] [a] [3]), an inoperative left
turn signal (Vehicle and Traffic Law § 375 [18]), and a substandard tire (four charges)
(Vehicle and Traffic Law § 375 [35] [c]), respectively. Following a nonjury trial, during
which the state trooper who had issued the citations to defendant testified, the court found
defendant guilty of all charges and sentenced defendant to a fine in the amount of $100, plus a
$55 administrative fee and a surcharge, on each conviction.
Upon a defendant's request, this court must conduct a weight of the evidence review and,
thus, "a defendant will be given one appellate review of adverse factual findings" (People v Danielson, 9 NY3d 342,
348 [2007]). "Necessarily, in conducting its weight of the evidence review, a court must consider
the elements of the crime, for even if the prosecution's witnesses were credible their testimony
must prove the elements of the crime beyond a reasonable doubt" (id. at 349). If it
appears that the factfinder failed to give the evidence the weight it should be accorded, this court
may set aside the verdict and dismiss the accusatory instrument (see CPL 470.20 [5]; People v Romero, 7 NY3d 633,
643—644 [2006]; People v Mateo, 2 NY3d 383, 410 [2004]). Application of these
principles here warrants the conclusion that the verdicts convicting defendant of unlicensed
operation of a motor vehicle, and operating a motor vehicle with an inoperative parking brake, an
inoperative left rear lamp, and an inoperative left turn signal, respectively, were not against the
weight of the evidence. However, the four verdicts convicting defendant of operating a motor
vehicle with a substandard tire were against the weight of the evidence as the People failed to
establish a violation of Vehicle and Traffic Law § 375 (35) (c), in that they failed to prove
that defendant's motor vehicle was not in compliance with any of the standards for tires set forth
in 15 NYCRR 51.5.
Defendant's constitutional challenge to Article 14-B of the General Municipal Law was not
raised with specificity in his affidavit of errors and, consequently, since the District Court was
not able to respond to this contention in its return, we find that the claim is unpreserved for
appellate review and we decline to address it as a matter of discretion in the interest of justice (see People v Sarant, 60 Misc 3d
140[A], 2018 NY Slip Op 51270[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2018];
People v Massian, 60 Misc 3d
134[A], 2018 NY Slip Op 51049[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2018];
People v Pomerantz, 59 Misc 3d
133[A], 2018 NY Slip Op 50482[U] [App Term, 2d Dept, 9th & 10th Jud Dists
2018]).
We have reviewed defendant's remaining contentions and find them to be either unpreserved
for appellate review or without merit (see People v Austin, 67 Misc 3d 143[A], 2020 NY Slip Op
50743[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2020]; Massian, 60 Misc 3d
134[A], 2018 NY Slip Op 51049[U];
People v Gray, 58 Misc 3d 155[A], 2018 NY Slip Op 50184[U] [App Term, 2d Dept,
9th & 10th Jud Dists 2018]; People
v Cataldo, 57 Misc 3d 153[A], 2017 NY Slip Op 51597[U] [App Term, 2d Dept, 9th
& 10th Jud Dists 2017]).
Accordingly, the four judgments convicting defendant of unlicensed operation of a motor
vehicle, and operating a motor vehicle with an inoperative parking brake, an inoperative left rear
lamp, and an inoperative left turn signal, respectively, are affirmed. The four judgments
convicting defendant of operating a motor vehicle with a substandard tire are reversed and the
accusatory instruments charging that offense are dismissed.
ADAMS, P.J., RUDERMAN and EMERSON, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: December 24, 2020