People v Forrester (2021 NY Slip Op 50229(U))

[*1]

People v Forrester (Terry)

2021 NY Slip Op 50229(U) [71 Misc 3d 127(A)]

Decided on March 18, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on March 18, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : TERRY JANE RUDERMAN, P.J., JERRY GARGUILO, ELIZABETH H.
EMERSON, JJ

2019-1253 S CR

The People of the State of New York,
Respondent, 
against
Terry A. Forrester, Appellant. 

Scott Lockwood, for appellant.
Suffolk County Traffic Prosecutor's Office (Justin W. Smiloff of counsel), for respondent.

Appeal from a judgment of the District Court of Suffolk County, Suffolk County Traffic and
Parking Violations Agency (John Andrew Kay, J.H.O.), rendered June 6, 2019. The judgment,
after a nonjury trial, convicted defendant of speeding, and imposed sentence.

ORDERED that the judgment of conviction is affirmed.
At a nonjury trial, the sole witness was a police officer who testified that he had visually
estimated the speed of the vehicle defendant was driving to be 90 miles per hour (mph) in a
posted 55 mph zone, and had verified the speed using a "Tru-Speed" laser device, which
measured the vehicle's speed as 88 mph. Following the trial, the court found defendant guilty of
the charge, and imposed a fine in the amount of $300, plus an agency fee and surcharge.
Upon a defendant's request, this court must conduct a weight of the evidence review and,
thus, "a defendant will be given one appellate review of adverse factual findings" (People v Danielson, 9 NY3d 342,
348 [2007]). Following a review of the record, we conclude that the verdict convicting defendant
of speeding was not against the weight of the evidence (see People v Jacobs, 62 Misc 3d 126[A], 2018 NY Slip Op
51852[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2018]; People v Goldmann, 61 Misc 3d
149[A], 2018 NY Slip Op 51746[U] [App Term, 2d Dept, 9th & 10th Jud Dists
2018]).
We have reviewed defendant's remaining contentions and find them to be unpreserved for
appellate review and, in any event, without merit (see People v Austin, 67 Misc 3d 143[A], 2020 NY Slip Op
50743[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2020]; People v Sarant, 60 Misc 3d
140[A], 2018 NY Slip Op 51270[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2018];
People v Massian, 60 Misc 3d
134[A], 2018 NY Slip Op 51049[U] [App Term, 2d Dept, 9th & 10th Jud Dists
2018]; People v Gray, 58 Misc 3d
155[A], 2018 NY Slip Op 50184[U] [App [*2]Term, 2d
Dept, 9th & 10th Jud Dists 2018]; People v Cataldo, 57 Misc 3d 153[A], 2017 NY Slip Op 51597[U]
[App Term, 2d Dept, 9th & 10th Jud Dists 2017]).
Accordingly, the judgment of conviction is affirmed.
RUDERMAN, P.J., GARGUILO and EMERSON, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: March 18, 2021