People v Flierl (2021 NY Slip Op 51066(U))

[*1]

People v Flierl (Marcella)

2021 NY Slip Op 51066(U) [73 Misc 3d 136(A)]

Decided on November 4, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on November 4, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : ELIZABETH H. EMERSON, J.P., TIMOTHY S. DRISCOLL, HELEN
VOUTSINAS, JJ

2020-240 S CR

The People of the State of New York,
Respondent,
against
Marcella L. Flierl, Appellant. 

Scott Lockwood, for appellant.
Suffolk County Traffic Prosecutor's Office (Justin W. Smiloff of counsel), for respondent.

Appeal from a judgment of the District Court of Suffolk County, Suffolk County Traffic and
Parking Violations Agency (Lewis A. Silverman, J.H.O.), rendered December 6, 2019. The
judgment, after a nonjury trial, convicted defendant of speeding, and imposed sentence.

ORDERED that the judgment of conviction is affirmed.
Defendant was charged in separate simplified traffic informations with speeding (Vehicle
and Traffic Law § 1180 [b]) and operating a motor vehicle without insurance (Vehicle and
Traffic Law § 319 [1]). The Vehicle and Traffic Law § 319 (1) charge was withdrawn
and, following a nonjury trial, defendant was convicted of speeding. 
The pretrial suspension of defendant's driver's license, which can be suspended without
notice pending prosecution (see Vehicle and Traffic Law § 510 [3-a]), was an
administrative act which is reviewable only by the Supreme Court in an article 78 proceeding
(see Vehicle and Traffic Law § 510 [7]; People v Pocrass, 57 Misc 3d 153[A], 2017 NY Slip Op 51596[U]
[App Term, 2d Dept, 9th & 10th Jud Dists 2017]) and is not reviewable on a direct appeal
(see CPL 450.10, 450.15; Pocrass, 2017 NY Slip Op 51596[U]).
Although defendant was entitled to Rosario material (see CPL 240.45
[repealed effective January 1, 2020]; People v Palu, 22 Misc 3d 139[A], 2009 NY Slip Op 50354[U]
[App Term, 2d Dept, 9th & 10th Jud Dists 2009]), reversal is not warranted here based upon
defendant's counsel's claim that he had not received the supporting deposition accompanying the
simplified traffic information charging defendant with operating a motor vehicle without
insurance, as defendant failed to show that there is a reasonable possibility that the nondisclosure
materially contributed to his conviction of speeding (see CPL 240.75 [repealed effective
January 1, 2020]; People v Matos,
60 Misc 3d 130[A], 2018 NY Slip Op 50994[U] [App Term, 2d Dept, 9th & 10th Jud
Dists 2018]; People v Roche, 31
Misc 3d 142[A], 2011 NY Slip Op 50833[U] [App Term, 2d Dept, 9th & 10th Jud
Dists 2011]). 
To the extent that defendant's contentions pertaining to his conviction are considered legal
insufficiency claims, they are not preserved for appellate review (see CPL 470.05 [2]; People v Hawkins, 11 NY3d 484,
492 [2008]; People v Gray, 86 NY2d 10, 19 [1995]). Nonetheless, upon a defendant's
request, this court must conduct a weight of the evidence review and, thus, "a defendant will be
given one appellate review of adverse factual findings" (People v Danielson, 9 NY3d 342, 348 [2007]). Following a review
of the record, we conclude that the verdict convicting defendant of speeding was not against the
weight of the evidence (see People v Olsen, 22 NY2d 230, 232 [1968]; People v
Dusing, 5 NY2d 126, 128 [1959];
People v Forrester, 71 Misc 3d 127[A], 2021 NY Slip Op 50229[U] [App Term, 2d
Dept, 9th & 10th Jud Dists 2021]; People v Jacobs, 62 Misc 3d 126[A], 2018 NY Slip Op 51852[U]
[App Term, 2d Dept, 9th & 10th Jud Dists 2018]).
We have reviewed defendant's remaining contentions and find them to be either unpreserved
for appellate review or without merit (see People v Espinal, ___ Misc 3d ____, 2021 NY
Slip Op 50946[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2021]; Forrester, 2021
NY Slip Op 50229[U]; People v
Massian, 60 Misc 3d 134[A], 2018 NY Slip Op 51049[U] [App Term, 2d Dept, 9th
& 10th Jud Dists 2018]; People v
Cataldo, 57 Misc 3d 153[A], 2017 NY Slip Op 51597[U] [App Term, 2d Dept, 9th
& 10th Jud Dists 2017]).
Accordingly, the judgment of conviction is affirmed.
EMERSON, J.P., DRISCOLL and VOUTSINAS, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: November 4, 2021