People v Flierl (2021 NY Slip Op 51065(U))

[*1]

People v Flierl (Marcella)

2021 NY Slip Op 51065(U) [73 Misc 3d 135(A)]

Decided on November 4, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on November 4, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : ELIZABETH H. EMERSON, J.P., TIMOTHY S. DRISCOLL, HELEN
VOUTSINAS, JJ

2020-239 S CR

The People of the State of New York,
Respondent,
against
Marcella L. Flierl, Appellant. 

Scott Lockwood, for appellant.
Suffolk County Traffic Prosecutor's Office (Justin W. Smiloff of counsel), for respondent.

Appeal from a judgment of the District Court of Suffolk County, Suffolk County Traffic and
Parking Violations Agency (Alan M. Wolinsky, J.H.O.), rendered December 11, 2019. The
judgment, after a nonjury trial, convicted defendant of speeding, and imposed sentence.

ORDERED that the judgment of conviction is affirmed.
After a nonjury trial, defendant was convicted of speeding (Vehicle and Traffic Law §
1180 [b]), the sole offense charged. 
The pretrial suspension of defendant's driver's license, which can be suspended without
notice pending prosecution (see Vehicle and Traffic Law § 510 [3-a]), was an
administrative act which is reviewable only by the Supreme Court in an article 78 proceeding
(see Vehicle and Traffic Law § 510 [7]; People v Pocrass, 57 Misc 3d 153[A], 2017 NY Slip Op 51596[U]
[App Term, 2d Dept, 9th & 10th Jud Dists 2017]) and is not reviewable on a direct appeal
(see CPL 450.10, 450.15; Pocrass, 2017 NY Slip Op 51596[U]).
We find that it was not an improvident exercise of discretion for the court to have denied
[*2]defendant's application for recusal, which decision should not
be lightly overturned as defendant did not raise a mandatory legal disqualification claim under
Judiciary Law § 14 (see People v Moreno, 70 NY2d 403, 405 [1987]; Matter of Khan v Dolly, 39 AD3d
649 [2007]; People v
DeRaffele, 66 Misc 3d 41, 49 [App Term, 2d Dept, 9th & 10th Jud Dists 2019]; People v Fehrenbach, 64 Misc 3d
130[A], 2019 NY Slip Op 51034[U] [App Term, 2d Dept, 9th & 10th Jud Dists
2019]).
To the extent that defendant's contentions pertaining to his conviction are considered legal
insufficiency claims, they are not preserved for appellate review (see CPL 470.05 [2]; People v Hawkins, 11 NY3d 484,
492 [2008]; People v Gray, 86 NY2d 10, 19 [1995]). Nonetheless, upon a defendant's
request, this court must conduct a weight of the evidence review and, thus, "a defendant will be
given one appellate review of adverse factual findings" (People v Danielson, 9 NY3d 342, 348 [2007]). Following a review
of the record, we conclude that the verdict convicting defendant of speeding was not against the
weight of the evidence (see People v Olsen, 22 NY2d 230, 232 [1968]; People v
Dusing, 5 NY2d 126, 128 [1959];
People v Forrester, 71 Misc 3d 127[A], 2021 NY Slip Op 50229[U] [App Term, 2d
Dept, 9th & 10th Jud Dists 2021]; People v Jacobs, 62 Misc 3d 126[A], 2018 NY Slip Op 51852[U]
[App Term, 2d Dept, 9th & 10th Jud Dists 2018]).
We have reviewed defendant's remaining contentions and find them to be either unpreserved
for appellate review or without merit (see People v Espinal, ___ Misc 3d ____, 2021 NY
Slip Op 50946[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2021]; Forrester, 2021
NY Slip Op 50229[U]; People v
Massian, 60 Misc 3d 134[A], 2018 NY Slip Op 51049[U] [App Term, 2d Dept, 9th
& 10th Jud Dists 2018]; People v
Cataldo, 57 Misc 3d 153[A], 2017 NY Slip Op 51597[U] [App Term, 2d Dept, 9th
& 10th Jud Dists 2017]).
Accordingly, the judgment of conviction is affirmed.
EMERSON, J.P., DRISCOLL and VOUTSINAS, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: November 4, 2021