People v Acevedo-Contreras (2022 NY Slip Op 50308(U))

[*1]

People v Acevedo-Contreras (Katherine)

2022 NY Slip Op 50308(U) [74 Misc 3d 138(A)]

Decided on April 7, 2022

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on April 7, 2022
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : TIMOTHY S. DRISCOLL, J.P., JERRY GARGUILO, ELIZABETH H.
EMERSON, JJ

2021-70 S CR

The People of the State of New York,
Respondent,
against
Katherine Acevedo-Contreras, Appellant. 

Scott Lockwood, for appellant.
Suffolk County Traffic Prosecutor's Office (Justin W. Smiloff of counsel), for respondent.

Appeal from a judgment of the District Court of Suffolk County, Suffolk County Traffic and
Parking Violations Agency (W. Alexander Melbardis, J.H.O.), rendered November 9, 2020. The
judgment convicted defendant, after a nonjury trial, of speeding, and imposed sentence.

ORDERED that the judgment of conviction is affirmed.
Defendant was charged in a simplified traffic information with speeding (Vehicle and Traffic
Law § 1180 [b]) by driving 100 miles per hour (mph) in a 55 mph zone on the Long Island
Expressway. On August 7, 2020, prior to trial, the court (Kenneth Diamond, J.H.O.) issued an
order, pursuant to Vehicle and Traffic Law § 510 (3) (a), temporarily suspending
defendant's driver's license pending a final disposition of the speeding charge.
At a nonjury trial, a police officer testified that he has been trained in visually estimating the
rate of speed of moving vehicles and that he is certified by the Suffolk County Police Academy
to be accurate in his estimates to within 2 mph. He estimated the speed of defendant's vehicle at
100 mph in a 55 mph zone. He is also trained to pace a vehicle and determine the speed of a
moving vehicle based on a reading of his speedometer. He stated that the speedometer of his
police vehicle had been calibrated and that he paced defendant traveling at 100 mph. Defendant
testified that she was not speeding. Following the trial, defendant was found guilty.
On appeal, defendant contends, among other things, that the verdict was against the [*2]weight of the evidence and that the temporary suspension of her
driver's license on August 7, 2020 was not authorized.
Upon a defendant's request, this court must conduct a weight of the evidence review and,
thus, "a defendant will be given one appellate review of adverse factual findings" (People v Danielson, 9 NY3d 342,
348 [2007]). In fulfilling our responsibility to conduct an independent review of the weight of the
evidence (see CPL 470.15 [5]; Danielson, 9 NY3d 342), we accord great
deference to the factfinder's opportunity to view the witnesses, hear their testimony, observe their
demeanor, and assess their credibility (see People v Lane, 7 NY3d 888 [2006]; People v Bleakley,
69 NY2d 490 [1987]).
The testimony of an officer qualified to visually estimate the speed of moving vehicles is,
standing alone, sufficient to support a speeding conviction where, as here, the variance between
the officer's visual observation of the speed of defendant's vehicle (100 mph) and the posted
speed limit (55 mph) is "sufficiently wide, so that [the factfinder] may be certain beyond a
reasonable doubt that the defendant exceeded the permissible limit" (People v Olsen, 22
NY2d 230, 232 [1968]; see People v Krasniqi, 58 Misc 3d 158[A], 2018 NY Slip Op
50245[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2018]). Moreover, while the officer's
testimony was insufficient to show the reliability of the speedometer used to pace defendant's
vehicle, the reading of an untested device, when taken in conjunction with a qualified officer's
visual estimate, is legally sufficient to establish the speed of a moving vehicle (see People v
Dusing, 5 NY2d 126, 128 [1959]). In view of the foregoing, we find that the verdict
convicting defendant of speeding was not against the weight of the evidence (see People v Romero, 7 NY3d
633, 643-646 [2006]).
The District Court's determination to temporarily suspend defendant's license on August 7,
2020, prior to trial, was purely an administrative act which cannot be reviewed by this court on
appeal as it is only "reviewable by the supreme court" (Vehicle and Traffic Law § 510
[7]; see People v Pocrass, 57 Misc
3d 153[A], 2017 NY Slip Op 51596[U] [App Term, 2d Dept, 9th & 10th Jud Dists
2017]; Matter of King v Kay, 39
Misc 3d 995 [Sup Ct, Suffolk County 2013]). We find no merit to defendant's contention
that the pretrial suspension of her driver's license violated the Double Jeopardy Clause
(see Vehicle and Traffic Law § 510 [7]; see also People v Haishun, 238
AD2d 521 [1997]; People v Roach, 226 AD2d 55, 58-59 [1996]; see generally People
v DeRojas, 196 Misc 2d 171 [App Term, 2d Dept, 9th & 10th Jud Dists 2003];
People v Malone, 175 Misc 2d 893 [App Term, 2d Dept, 9th & 10th Jud Dists
1997]; People v Conrad, 169 Misc 2d 1066 [App Term, 2d Dept, 9th & 10th Jud
Dists 1996]).
Defendant's remaining contentions are either without merit or unpreserved for appellate
review (see CPL 470.05 [2]; People v Price, 150 AD3d 1153 [2017]).
Accordingly, the judgment of conviction is affirmed.
DRISCOLL, J.P, GARGUILO and EMERSON, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: April 7, 2022