People v Glatman (2022 NY Slip Op 50444(U))

[*1]

People v Glatman (David)

2022 NY Slip Op 50444(U) [75 Misc 3d 131(A)]

Decided on May 23, 2022

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on May 23, 2022
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : TIMOTHY S. DRISCOLL, J.P., HELEN VOUTSINAS, BARRY E.
WARHIT, JJ

2021-376 S CR

The People of the State of New York,
Respondent,
against
David Glatman, Appellant. 

Scott Lockwood, for appellant.
Suffolk County Traffic Prosecutor's Office (Justin W. Smiloff of counsel), for respondent.

Appeal from a judgment of the District Court of Suffolk County, Suffolk County Traffic and
Parking Violations Agency (Debra Urbano-Disalvo, J.H.O.), rendered May 13, 2021. The
judgment convicted defendant, upon his plea of guilty, of speeding, and imposed sentence.

ORDERED that the judgment of conviction is affirmed.
Defendant was charged in a simplified traffic information with speeding (Vehicle and Traffic
Law § 1180 [b]), for allegedly driving at a speed of 104 miles per hour (mph) in a 55 mph
zone. On June 2, 2020, upon the People's application pursuant to Vehicle and Traffic Law §
510 (3) (a), the court (Kenneth Diamond, J.H.O.) suspended defendant's driver's license. On May
13, 2021, when the matter was about to proceed to trial, defense counsel represented to the court
that defendant was out of state, but that defendant had executed a waiver of his right to be
personally present at trial, which waiver was presented to the court. The prosecutor objected,
stating that defendant's presence was required due to the severity of the allegations. In view of the
objection, the court indicated that the trial would not proceed in defendant's absence, whereupon
defense counsel entered a plea of guilty to the charge on behalf of defendant, and sentence was
imposed. 
The pretrial suspension of defendant's driver's license, which can be suspended without
notice pending prosecution (see Vehicle and Traffic Law § 510 [3-a]), was an
administrative act which is not reviewable on a direct appeal (see CPL 450.10, 450.15; People v Flierl, 73 Misc 3d
136[A], 2021 NY Slip Op 51066[U] [App Term, 2d Dept, 9th & 10th Jud Dists
2021]; People v Pocrass, 57 Misc 3d
153[A], 2017 NY Slip Op 51596[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2017]),
but rather is reviewable only by the Supreme Court in an article 78 proceeding (see
Vehicle and Traffic Law § 510 [7]; Flierl, 2021 NY Slip Op 51066[U];
Pocrass, 2017 NY Slip Op 51596[U]).
Defendant contends that the court's refusal to accept his waiver of his right to be [*2]personally present at trial was erroneous as a matter of law, since a
court may only reject such a waiver when it does not comport with statutory requirements or
when there is insufficient proof that the waiver was knowingly, voluntarily and intelligently
made. The People respond that this contention was waived by defendant's guilty plea and,
therefore, the issue is not subject to review by this court. While a defendant has a constitutional
and statutory right to be present at trial (see generally US Const, 6th Amend; NY Const,
art I, § 6; CPL 340.50), he or she does not have a constitutional right not to be present at
trial. Consequently, the People are correct that defendant's contention pertaining to the court's
refusal to accept his waiver of his right to be present at trial was forfeited by his guilty plea (see generally People v Guerrero, 28
NY3d 110, 115-116 [2016]; People v Hansen, 95 NY2d 227, 230 [2000]). In any
event, CPL 340.50 (2) specifically provides that "[o]n motion of a defendant represented by
counsel, the court may, in the absence of an objection by the people, issue an order
dispensing with the requirement that the defendant be personally present at trial" (emphasis
added). Consequently, despite defendant's contention to the contrary, the court was not required
to honor defendant's waiver, as the People are permitted to object to the waiver.
Defendant's remaining contentions are without merit (see Matter of Dolce v Nassau County Traffic and Parking Violations
Agency, 7 NY3d 492 [2006];
People v Lopez, 73 Misc 3d 133[A], 2021 NY Slip Op 51016[U] [App Term, 2d Dept,
9th & 10th Jud Dists 2021]; People
v Altman, 73 Misc 3d 127[A], 2021 NY Slip Op 50886[U] [App Term, 2d Dept, 9th
& 10th Jud Dists 2021]; People v
Cataldo, 57 Misc 3d 153[A], 2017 NY Slip Op 51597[U] [App Term, 2d Dept, 9th
& 10th Jud Dists 2017]; People v
Stoliarov, 21 Misc 3d 135[A], 2008 NY Slip Op 52209[U] [App Term, 2d Dept, 9th
& 10th Jud Dists 2008]).
Accordingly, the judgment of conviction is affirmed.
DRISCOLL, J.P., VOUTSINAS and WARHIT, JJ., concur. 
ENTER:
Paul Kenny
Chief Clerk
Decision Date: May 23, 2022