People v Rapheal (2022 NY Slip Op 51359(U))

[*1]

People v Rapheal (Ryan)

2022 NY Slip Op 51359(U) [77 Misc 3d 137(A)]

Decided on December 22, 2022

Appellate Term, Second Department

Published by New York State Law Reporting
Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on December 22, 2022
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : TIMOTHY S. DRISCOLL, J.P., JERRY GARGUILO, ELIZABETH
H. EMERSON, JJ

2021-375 S CR

The People of the State of New
York, Respondent,
against
Ryan B. Rapheal, Appellant. 

Scott Lockwood, for appellant.
Suffolk County Traffic Prosecutor's Office (Justin W. Smiloff of counsel), for
respondent.

Appeal from a judgment of the District Court of Suffolk County, Suffolk County
Traffic and Parking Violations Agency (Debra Urbano-DiSalvo, J.H.O.), rendered May
13, 2021. The judgment convicted defendant, after a nonjury trial, of speeding, and
imposed sentence.

ORDERED that the judgment of conviction is affirmed.
On May 2, 2019, defendant was charged in a simplified traffic information with
speeding (Vehicle and Traffic Law § 1180 [d]). Defendant appeared pro se in court
on June 21, 2019 and the court entered a plea of not guilty on his behalf. The prosecutor
made an application, pursuant to Vehicle and Traffic Law § 510 (3) (a), to suspend
defendant's driver's license pending prosecution and, after allowing defendant an
opportunity to be heard, the court granted the application and issued an order of
suspension. By notice of motion dated May 27, 2020, defendant, who was then
represented by counsel, moved to transfer the matter from the Suffolk County Traffic and
Parking Violations Agency (SCTPVA) to the Suffolk County District Court for a
determination of the motion and, upon such transfer, for an order, pursuant to CPL
170.30 (1) (f), dismissing the charge against him based upon, among other things, his
statutory right to a speedy trial. The People opposed the motion and, in a decision and
order entered October 6, 2020, the court (John G. Marks, J.H.O.) denied it. By notice of
motion dated December 11, 2020, defendant moved for leave to renew the branch of his
prior motion seeking to dismiss the [*2]accusatory
instrument on statutory speedy trial grounds based on an alleged change in the law. The
People opposed the motion and, in an order entered February 5, 2021, the court (John G.
Marks, J.H.O.) granted defendant leave to renew, but adhered to its prior decision.
Following a nonjury trial, the court (Debra Urbano-DiSalvo, J.H.O.) found defendant
guilty and imposed sentence.
The pretrial suspension of defendant's driver's license was an administrative act
which is not reviewable on a direct appeal (see CPL 450.10, 450.15; People v Glatman, 75 Misc 3d
131[A], 2022 NY Slip Op 50444[U] [App Term, 2d Dept, 9th & 10th Jud Dists
2022]; People v
Acevedo-Contreras, 74 Misc 3d 138[A], 2022 NY Slip Op 50308[U] [App
Term, 2d Dept, 9th & 10th Jud Dists 2022]; People v Flierl, 73 Misc 3d 136[A], 2021 NY Slip Op
51066[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2021]; People v Pocrass, 57 Misc 3d
153[A], 2017 NY Slip Op 51596[U] [App Term, 2d Dept, 9th & 10th Jud Dists
2017]), but rather is reviewable only by the Supreme Court in an article 78 proceeding
(see Vehicle and Traffic Law § 510 [7]; Glatman, 2022 NY Slip Op
50444[U]; Acevedo-Contreras, 2022 NY Slip Op 50308[U]; Flierl, 2021
NY Slip Op 51066[U]; Pocrass, 2017 NY Slip Op 51596[U]). Additionally, we
find no merit to defendant's contention that the pretrial suspension of his driver's license
violated the Double Jeopardy Clause (see Vehicle and Traffic Law § 510
[7]; Acevedo-Contreras, 2022 NY Slip Op 50308[U]; see generally People v
DeRojas, 196 Misc 2d 171 [App Term, 2d Dept, 9th & 10th Jud Dists 2003];
People v Malone, 175 Misc 2d 893 [App Term, 2d Dept, 9th & 10th Jud
Dists 1997]; People v Conrad, 169 Misc 2d 1066 [App Term, 2d Dept, 9th
& 10th Jud Dists 1996]).
CPL 350.20 (5) provides that "for all proceedings before the district court of Suffolk
county, the administrative judge of Suffolk county may, without the consent of the
parties, assign matters involving traffic and parking infractions [with certain]
except[ions] . . . to a judicial hearing officer in accordance with the provisions of
[Vehicle and Traffic Law § 1690]." Vehicle and Traffic Law § 1690 (1) (a)
authorizes a judicial hearing officer at the SCTPVA to "entertain the case in the same
manner as a court" and to, among other things, "determine all questions of law" (see
People v Epakchi, 37 NY3d 39, 42, n 2 [2021] ["A JHO (at the SCTPVA) may
adjudicate low-level traffic violations"]; People v Iverson, 37 NY3d 98, 102 [2021]; Matter of Dolce v Nassau County
Traffic and Parking Violations Agency, 7 NY3d 492 [2006]; People v Cataldo, 57 Misc 3d
153[A], 2017 NY Slip Op 51597[U] [App Term, 2d Dept, 9th & 10th Jud Dists
2017]). "In the discharge of this responsibility, the judicial hearing officer shall have the
same powers as a judge of the court in which the proceeding is pending" (Vehicle and
Traffic Law § 1690 [2]), and "[a]ny action taken by a judicial hearing officer in the
conduct of a trial or other disposition thereof shall be deemed the action of the court in
which the proceeding is pending" (Vehicle and Traffic Law § 1690 [3]).
Consequently, a judicial hearing officer at the SCTPVA has the authority to hear and
decide a pretrial motion, which is part of adjudicating a traffic offense (see People v Ruiz, 64 Misc 3d
127[A], 2019 NY Slip Op 50984[U] [App Term, 2d Dept, 9th & 10th Jud Dists
2019]). 
In People v Galindo (38
NY3d 199 [2022]), the Court of Appeals held that the statutory speedy trial
provisions of CPL 30.30, as amended effective January 1, 2020, do not apply
retroactively to criminal actions commenced before its effective date. Consequently,
because the amended statute was not in effect when the instant action against defendant
was commenced in [*3]2019, the statutory speedy trial
provisions of CPL 30.30 have no application to defendant's direct appeal from the
judgment of conviction herein (see Galindo, 38 NY3d at 207). In any event, the
statutory speedy trial provisions of CPL 30.30, as amended effective January 1, 2020, are
not applicable to an accusatory instrument that solely charges a defendant with a traffic
infraction (see People v
Smith, 73 Misc 3d 136[A], 2021 NY Slip Op 51071[U] [App Term, 2d Dept,
9th & 10th Jud Dists 2021]; People v Navon, 73 Misc 3d 136[A], 2021 NY Slip Op
51070[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2021]; People v Lopez, 73 Misc 3d
133[A], 2021 NY Slip Op 51016[U] [App Term, 2d Dept, 9th & 10th Jud Dists
2021]; People v Altman, 73
Misc 3d 127[A], 2021 NY Slip Op 50886[U] [App Term, 2d Dept, 9th & 10th
Jud Dists 2021]). Additionally, despite defendant's contention to the contrary, Vehicle
and Traffic Law § 1806-a (1) is not a speedy trial provision and, in any event, is not
applicable here as the record demonstrates that defendant timely answered the summons
and appeared in the action. In view of the foregoing, the court properly denied the
branches of defendant's pretrial motions seeking dismissal based upon speedy trial
grounds.
Upon a defendant's request, this court must conduct a weight of the evidence review
and, thus, "a defendant will be given one appellate review of adverse factual findings"
(People v Danielson, 9
NY3d 342, 348 [2007]). In fulfilling our responsibility to conduct an independent
review of the weight of the evidence (see CPL 470.15 [5]; Danielson, 9
NY3d 342), we accord great deference to the factfinder's opportunity to view the
witnesses, hear their testimony, observe their demeanor, and assess their credibility (see People v Lane, 7 NY3d
888 [2006]; People v Bleakley, 69 NY2d 490 [1987]). The testimony of an
officer qualified to visually estimate the speed of moving vehicles is, standing alone,
sufficient to support a speeding conviction where, as here, the variance between the
officer's visual observation of the speed of defendant's vehicle (88 miles per hour) and
the posted speed limit (45 miles per hour) is "sufficiently wide, so that [the factfinder]
may be certain beyond a reasonable doubt that the defendant exceeded the permissible
limit" (People v Olsen, 22 NY2d 230, 232 [1968]; see
Acevedo-Contreras, 2022 NY Slip Op 50308[U]; People v Tamberlane, 72 Misc
3d 128[A], 2021 NY Slip Op 50592[U] [App Term, 2d Dept, 9th & 10th Jud
Dists 2021]). Moreover, a police officer's trained visual estimate of a defendant's speed
and his use of a speedometer to confirm his speed estimate is sufficient to establish such
speed, even without proof of the speedometer's calibration (see People v Goldberg, 61
Misc 3d 129[A], 2018 NY Slip Op 51389[U] [App Term, 2d Dept, 9th & 10th
Jud Dists 2018]; People v
Kennedy, 49 Misc 3d 138[A], 2015 NY Slip Op 51564[U] [App Term, 2d Dept,
9th & 10th Jud Dists 2015]; see generally People v Dusing, 5 NY2d 126,
128 [1959]). Consequently, we find that the verdict convicting defendant of speeding
was not against the weight of the evidence (see People v Romero, 7 NY3d 633, 643-646 [2006];
Acevedo-Contreras, 2022 NY Slip Op 50308[U]).
Defendant's remaining contentions have been withdrawn.
Accordingly, the judgment of conviction is affirmed.
DRISCOLL, J.P., GARGUILO and EMERSON, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: December 22, 2022