People v Arteca (2023 NY Slip Op 23097)

[*1]

People v Arteca (Meagan)

2023 NY Slip Op 23097

Decided on March 30, 2023

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the printed Miscellaneous Reports.

Decided on March 30, 2023
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : JERRY GARGUILO, P.J., TIMOTHY S. DRISCOLL, JAMES P. McCORMACK, JJ

2021-819 S CR

The People of the State of New York, Respondent,
against
Meagan Arteca, Appellant. 

Scott Lockwood, for appellant.
Suffolk County Traffic Prosecutor's Office (Justin W. Smiloff of counsel), for respondent.

Appeal from a judgment of the District Court of Suffolk County, Suffolk County Traffic and Parking Violations Agency (Kenneth S. Diamond, J.H.O.), rendered November 30, 2021. The judgment convicted defendant, after a nonjury trial, of speeding, and imposed sentence.

ORDERED that the judgment of conviction is affirmed.
Following a nonjury trial, the District Court of Suffolk County, Suffolk County Traffic and Parking Violations Agency (SCTPVA) (Kenneth S. Diamond, J.H.O.) found defendant guilty of speeding (Vehicle and Traffic Law § 1180 [b]) for driving 100 miles per hour (mph) in a 55 mph zone and imposed sentence.
Defendant's contention that the judicial hearing officer (JHO) who presided over the trial was prohibited from serving as a JHO at the SCTPVA because he was a resident of Nassau County is without merit, as the record fails to demonstrate that he was not a resident of Suffolk County. In any event, to support this contention, defendant cites to provisions of the New York State Constitution (art VI, § 16 [h]) and the Suffolk County Charter (§ C25-4 [A]), which compel judges of the District Court to be residents of the district where the court is situated. Yet, [*2]defendant fails to cite to any constitutional or statutory provision which imposes a residency requirement on a JHO at the SCTPVA. Rather, CPL 350.20 (5) and Vehicle and Traffic Law § 1690 (1) provide that the administrative judge of Suffolk County may assign JHOs to preside over matters conducted at the SCTPVA and the only requirements for such JHOs are set forth in Vehicle and Traffic Law § 1690 (1), which states that "[s]uch judicial hearing officers shall be village court justices or retired judges either of which shall have at least two years of experience conducting trials of traffic and parking violations cases and shall be admitted to practice law in this state" (see Administrative Order of the Administrative Judge of Suffolk County [No. 103-18]; Matter of Reyes v SCTPVA, index No. 623973/2021 [Sup Ct, Suffolk County 2021]). 
Contrary to defendant's further contention, a JHO at the SCTPVA has the authority to hear and decide a pretrial motion, which is part of the process of adjudicating a traffic offense (see People v Karathanos, 77 Misc 3d 126[A], 2022 NY Slip Op 51105[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2022]; People v Ruiz, 64 Misc 3d 127[A], 2019 NY Slip Op 50984[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2019]). Moreover, contrary to defendant's contention, Vehicle and Traffic Law § 1806-a (1) is not a speedy trial provision (see Karathanos, 2022 NY Slip Op 51105). 
The pretrial suspension of defendant's driver's license, which license can be suspended without notice pending prosecution (see Vehicle and Traffic Law § 510 [3-a]), was an administrative act that is not reviewable on a direct appeal (see CPL 450.10, 450.15; People v Glatman, 75 Misc 3d 131[A], 2022 NY Slip Op 50444[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2022]; People v Acevedo-Contreras, 74 Misc 3d 138[A], 2022 NY Slip Op 50308[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2022]; People v Flierl, 73 Misc 3d 136[A], 2021 NY Slip Op 51066[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2021]), but rather is reviewable only by the Supreme Court in an article 78 proceeding (see Vehicle and Traffic Law § 510 [7]; Glatman, 2022 NY Slip Op 50444[U]; Acevedo-Contreras, 2022 NY Slip Op 50308[U]; Flierl, 2021 NY Slip Op 51066[U]).
Defendant's contentions pertaining to her posttrial license suspension, which is "part of the judgment of conviction" (Penal Law § 60.30), can be reviewed on this appeal from the judgment (see People v Wahl, 75 Misc 3d 40, 44 [App Term, 2d Dept, 9th & 10th Jud Dists 2022]; People v Espinal, 73 Misc 3d 130[A], 2021 NY Slip Op 50946[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2021]; see generally People v Hicks, 51 AD2d 751 [1976]; People v Yost, 50 AD2d 577 [1975]; cf. Vehicle and Traffic Law § 510 [7]). This court has found that Vehicle and Traffic Law § 510 (3) (a) authorizes the suspension of a driver's license by the court upon a judgment convicting a driver of violating Vehicle and Traffic Law § 1180 (b) (see also Penal Law § 60.30) and that, since Vehicle and Traffic Law § 1690 (1) authorizes a JHO to "entertain the case in the same manner as a court," a JHO at the SCTPVA is authorized to impose such a suspension (see Wahl, 75 Misc 3d at 44; Espinal, 2021 NY Slip Op 50946[U]; People v Cataldo, 57 Misc 3d 153[A], 2017 NY Slip Op 51597[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2017]; see generally Matter of Dolce v Nassau County Traffic and Parking Violations Agency, 7 NY3d 492 [2006]). Here, the record demonstrates that, upon defendant's conviction, prior to [*3]suspending her license, the court examined her driver's abstract. Furthermore, the order of suspension indicated that it had "appear[ed] to the court that defendant's continued operation of a motor vehicle may constitute a danger to the public welfare and safety." Consequently, as this was a permissive suspension, pursuant to Vehicle and Traffic Law § 510 (3) (a), it was not an improvident exercise of discretion for the court to have suspended defendant's driver's license for a period of 90 days (see Wahl, 75 Misc 3d at 44; People v Crowley, 66 Misc 3d 133[A], 2019 NY Slip Op 52115[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2019]). 
Additionally, we find no merit to defendant's contention that, since her driver's license had already been suspended pretrial, the posttrial license suspension constituted a violation of the principles of double jeopardy(see generally People v Rapheal, 77 Misc 3d 137[A], 2022 NY Slip Op 51359[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2022]; Acevedo-Contreras, 2022 NY Slip Op 50308[U]; People v DeRojas, 196 Misc 2d 171 [App Term, 2d Dept, 9th & 10th Jud Dists 2003]; People v Malone, 175 Misc 2d 893 [App Term, 2d Dept, 9th & 10th Jud Dists 1997]; People v Conrad, 169 Misc 2d 1066 [App Term, 2d Dept, 9th & 10th Jud Dists 1996]).

Defendant's constitutional challenges to CPL 350.20 (5) and Vehicle and Traffic Law § 1690 [1]), which authorize a referral for trial to a JHO without the consent of the parties, was not raised in the District Court. Consequently, this challenge is not preserved for appellate review and we decline to review it (see CPL 470.05 [2]; People v Iannelli, 69 NY2d 684, 685 [1986]; People v Reyes, 4 AD3d 541 [2004]; Espinal, 2021 NY Slip Op 50946[U]; People v Bruce-Ross, 59 Misc 3d 143[A], 2018 NY Slip Op 50696[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2018]). 
The statutory scheme establishing the role of traffic prosecutors, who are authorized to appear in any court where appropriate to the exercise of their mandate(see General Municipal Law § 374; see generally General Municipal Law art 14-B), has been upheld against repeated constitutional and statutory challenges (see Matter of Dolce, 7 NY3d 492; People v Austin, 67 Misc 3d 143[A], 2020 NY Slip Op 50743[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2020]; Ruiz,2019 NY Slip Op 50984[U]; People v Clark, 64 Misc 3d 127[A], 2019 NY Slip Op 50980[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2019]; People v Celauro, 25 Misc 3d 126[A], 2009 NY Slip Op 52015[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2009]).
Upon a defendant's request, this court must conduct a weight of the evidence review and, thus, "a defendant will be given one appellate review of adverse factual findings" (People v Danielson, 9 NY3d 342, 348 [2007]). In fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15 [5]; Danielson, 9 NY3d 342), we accord great deference to the factfinder's opportunity to view the witnesses, hear their testimony, observe their demeanor, and assess their credibility (see People v Lane, 7 NY3d 888 [2006]; People v Bleakley, 69 NY2d 490 [1987]). The testimony of an officer qualified to visually estimate the speed of moving vehicles is, standing alone, sufficient to support a speeding conviction where, as here, the variance between the officer's visual observation of the speed of defendant's vehicle (100 mph) and the posted speed limit (55 mph) is "sufficiently wide, so that [the factfinder] may be certain beyond a reasonable doubt that the defendant exceeded the permissible limit" (People [*4]v Olsen, 22 NY2d 230, 232 [1968]; see Acevedo-Contreras, 2022 NY Slip Op 50308[U]; People v Tamberlane, 72 Misc 3d 128[A], 2021 NY Slip Op 50592[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2021]). In view of the foregoing, and the fact that the court found the officer who had testified to be "very credible and reliable," we find that the verdict convicting defendant of speeding was not against the weight of the evidence (see People v Romero, 7 NY3d 633, 643-646 [2006]; Acevedo-Contreras, 2022 NY Slip Op 50308[U]; People v Forrester, 71 Misc 3d 127[A], 2021 NY Slip Op 50229[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2021]).
Accordingly, the judgment of conviction is affirmed.
GARGUILO, P.J., DRISCOLL and McCORMACK, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: March 30, 2023